28

WILLIAMS, APPELLEE, *v.* WILLIAMS, APPELLANT.

(No. 75-312—Decided October 22, 1975.)

*Messrs. Navarre, Rizor & DaPore, Mr. Robert P. Weiner* and *Mr. Daniel P. Self, Jr.*, for appellee.

*Mr. Quentin M. Derryberry* and *Mr. Thomas L. Smith*, for appellant.

HERBERT, J.  Appellant contends basically that the Court of Appeals erred by failing to give effect to the initial order of the Court of Common Pleas of Auglaize County, which found she was entitled to temporary custody of the children.  Appellee argues that this order was invalid because he was not accorded proper notice and a hearing.

In our society, the parent-child relationship is special, invoking strong feelings of love and affection.  Therefore, the possible severance of that bond through a custody order must be guarded by procedures which give effect to the rights of both parents.[1]  Cf. *In re Fassinger* (1975), 42 Ohio St. 2d 505, 330 N. E. 2d 431.

[1] In referring to the right of a parent to custody, R. C. 3109.03 provides:

"When husband and wife are living separate and apart from each

In the case at bar, there was an absence of any service of process upon appellee prior to the temporary custody determination by the Auglaize County Juvenile Court. Juv. R. 13 sets forth the applicable notice and hearing requirements, and provides, in part:

"(A) *Temporary disposition.* Pending hearing on a complaint, the court may make such temporary orders concerning the custody or care of a child who is the subject of the complaint as the child's interest and welfare may require.

"(B) *Temporary orders.* Pending hearing on a complaint, the court may issue such temporary orders with respect to the relations and conduct of other persons toward a child who is the subject of the complaint as the child's interest and welfare may require.

"(C) * * *

"(D) *Ex parte proceedings.* Where it appears to the court that the interest and welfare of the child require that action be taken immediately, the court may proceed summarily and without notice under subdivision (A), (B) or (C).

"(E) *Hearing; notice.* Wherever possible, the court shall provide an opportunity for hearing before proceeding under subdivision (A), (B) or (C) and shall give notice of the time and place of the hearing to the parties and any other person who may be affected by the proposed action. Where the court has proceeded without notice under subdivision (D), it shall give notice of the action it has taken to the parties and any other affected person and provide them an opportunity for a hearing concerning the continuing effects of such action."

In relation to temporary custody orders in section (A), it is clear that section (E) directs that there shall be an opportunity for a hearing and notice of the hearing to the

other, or are divorced, and the question as to the care, custody, and control of their offspring is brought before a court of competent jurisdiction, they shall stand upon an equality as to the care, custody, and control of such offspring, so far as parenthood is involved."

parties "wherever possible."[2] True, where the interest and welfare of the child *require* that action be taken immediately, the court may proceed without notice pursuant to section (D). However, in the instant case, the record does not reflect circumstances justifying such an *ex parte* proceeding. Therefore, the lack of sevice of a summons upon appellee, giving notice of appellant's complaint and an opportunity to be heard thereon, rendered the temporary custody order invalid.[3]

The question remains whether Ohio must give full faith and credit to the decree of the Mississippi court granting permanent custody of the children to appellee. The United States Supreme Court appears to have equivocated on that issue, stopping short of holding that child custody orders are embraced within the Full Faith and Credit Clause of the Constitution of the United States.[4] See *New York, ex rel. Halvey, v. Halvey* (1947), 330 U. S. 610; *Kovacs v. Brewer* (1958), 356 U. S. 604; *Ford v. Ford* (1962), 371 U. S. 187.[5]

Generally, the courts of this state will accord full faith and credit to a valid *in personam* judgment of a sister state. See *Litsinger Sign Co.* v. *American Sign Co.* (1967), 11 Ohio St. 2d 1, 227 N. E. 2d 609; *Wood* v. *Wood* (1963), 174 Ohio St. 318, 189 N. E. 2d 54. Here, appellant fully submitted her person to the jurisdiction of the Mississippi

---

[2]Juv. R. 15(A) requires, in part, that "[a]fter the complaint has been filed, the clerk shall promptly issue summons to the parties * * *."

Pursuant to Juv. R. 16(A), the summons must be served as provided for by Civ. R. 4(A), (C), and (D), 4.1, 4.2, 4.3, 4.5, and 4.6.

[3]As conceded by appellant in oral argument, the permanent custody decree of the Juvenile Court was also invalid for lack of proper notice and hearing prior to that determination.

[4]Section 1 of Article IV of the United States Constitution states that "[f]ull faith and credit shall be given in each state to the public acts, records, and judicial proceedings of every other state. * * *"

[5]The court has determined that full faith and credit is not owing to the custody decree of a court lacking personal jurisdiction over an absent parent. *May* v. *Anderson* (1953), 345 U. S. 528. In the instant case, the Mississippi court did not accord full faith and credit to the Ohio court's order.

court. She entered a general appearance, answered appellee's original bill for divorce and sought affirmative relief by way of a "cross-bill."

However, in determining a full faith and credit question arising out of a custody case, courts must also be cognizant of the fact that the best interests of the child are of primary concern. *Gishwiler* v. *Dodez* (1855), 4 Ohio St. 615; *Clark* v. *Bayer* (1877), 32 Ohio St. 299; *In re Tilton* (1954), 161 Ohio St. 571, 120 N. E. 2d 445. See, also, R. C. 3109.04. A change in circumstances subsequent to a custody order may affect those interests and have a direct bearing upon whether to give full faith and credit to a sister state's court order. Viewing the record herein, we find no evidence of altered circumstances which would justify disregarding the Mississippi court's order. Where a court of another state has awarded custody of a minor child pursuant to a valid *in personam* order, and there is no evidence of a subsequent change in circumstances affecting the best interests of the child, the courts of this state will give full faith and credit to that order

The judgment of the Court of Appeals, ordering appellant to deliver the children to appellee, is affirmed.

*Judgment affirmed.*

O'NEILL, C. J., CORRIGAN, STERN, CELEBREZZE, W. BROWN and P. BROWN, JJ., concur.