NORTHLAND DODGE, INC., APPELLEE, *v.* DAMACHI, APPELLANT.

(No. 77AP-865—Decided March 16, 1978.)

Messrs. *Postlewaite, Postlewaite & O'Brien* and *Mr. James L. Mann,* for appellee.
Mr. *Leslie Varnado, Jr.,* for appellant.

REILLY, J. The record shows that appellee filed a complaint in Franklin County Municipal Court alleging negligence concerning the operation of a motor vehicle and property damage in the sum of $930.54. Appellee submitted an affidavit for service by publication along with the complaint.

The accident which is the crux of this action allegedly occurred August 15, 1975, near Wall Alley and West Eighth Avenue, in the city of Columbus. Appellant was proceeding from Wall Alley, heading north, when he was struck by a vehicle operated by one Robert Harkness, heading south. There were no citations issued due to conflicting accounts of the respective drivers. Appellee published notice in the *Daily Reporter* for six consecutive weeks from October 25 through November 29, 1976. The notice in the *Daily Reporter* included the same language as the foregoing complaint, but did not include appellant's last known address. It appears undisputed that appellant made some attempts to conceal his whereabouts.

The trial court entered judgment by default in the amount of $934.50, plus costs and interest. Subsequently, the court overruled a motion to vacate the judgment. This appeal has now been perfected, including the following assignment of error:

"The trial court erred in not invalidating the plaintiff-appellee's service on the defendant-appellant in that the service in question contravened the provisions of Ohio Civil Rule 4.4 thereby resulting in an absence of personal jurisdiction."

The service by publication is defective on its face because it did not include a last known address. Civ. R. 4.4(A) reads as follows:

"Residence unknown. When the residence of a defendant is unknown, service shall be made by publication in actions where such service is authorized by law. Before service by publication can be made, an affidavit of a party or his counsel must be filed with the court. The affidavit shall aver that service of summons cannot be made because the residence of the defendant is unknown to the affiant and cannot with reasonable diligence be ascertained.

"Upon the filing of the affidavit the clerk shall cause service of notice to be made by publication in a newspaper of general circulation in the county in which the complaint is filed. If no newspaper is published in that county, then publication shall be in a newspaper published in an adjoining county. The publication shall contain the name and address of the court, the case number, the name of the first party on each side, and the name and last known address, if any, of the person or persons whose residence is unknown. The publication shall also contain a summary statement of the object of the complaint and demand for relief and shall notify the person to be served that he is required to answer within twenty-eight days after the last publication. The publication shall be published at least once a week for six successive weeks unless publication for a lesser number of weeks is specifically provided by the law. Service shall be complete at the date of the last publication.

"After the last publication, the publisher or his agent shall file with the court an affidavit showing the fact of pub-

lication together with a copy of the notice of publication. The affidavit and copy of the notice shall constitute proof of service."

There is an affidavit for service by publication from counsel for appellee included in the record. This affidavit indicates that appellant attempted to conceal his whereabouts. Nevertheless, service by publication is, in fact, a last resort device, and therefore should be strictly enforced. There is no doubt that service by publication did not include a last known address. The purpose of including such last known address is possibly allow someone there, or in the area, who knows a defendant's whereabouts, and might be able to inform the defendant of the suit. Consequently, such defendant would be able to enter an appearance and defend the action.

In this case, as noted above, there is a reasonable inference that appellant was concealing his whereabouts. Thus, the service was defective, or insufficient, but the court did not actually lack jurisdiction. There was sufficient evidence of concealment for the use of service of process by publication. The statute of limitations was tolled from the date suit was filed, as the service was defective rather than invalid.

Therefore, we are remanding this case for the trial court to set aside the judgment; for appellee to obtain proper service; and for the case to be heard upon its merits. Accordingly, appellant's assignment of error, as modified by the foregoing discussion, is sustained.

Whereupon, the judgment of the trial court is reversed and remanded for further proceedings consistent with this decision.

*Judgment reversed and cause remanded.*

STRAUSBAUGH and MCCORMAC, JJ., concur.