IN RE WILSON,
ALLEGED DEPENDENT CHILD.

(No. H-84-6—Decided August 3, 1984.)

*Robert Goldberger,* for appellant Ruth Wilson.
*John S. Ridge,* for appellee.

HANDWORK, J. This case is before the court on appeal from the Huron County Court of Common Pleas, Juvenile Division, which entered an order permanently divesting Ruth Wilson, appellant herein, of the custody of her daughter, Jo Ann Wilson, a minor.

The essential facts leading to the entry of that order may be stated briefly. On October 20, 1983, a caseworker for the Huron County Welfare Department,

named Bishop, filed a complaint in dependency in the Huron County Juvenile Court. The complaint sought temporary custody of Jo Ann, stating in part:

"[Jo Ann Wilson] appears to be a dependent child in that: on or about October 19, 1983, in Huron County, Ohio, Joan [sic] Wilson was homeless or destitute without proper care or support through no fault of her parents, * * * to-wit: see attached sheet incorporated herein by reference, in violation of O.R.C. Section 2151.04(A)[.]"

Affixed to this complaint was a statement of facts, which reads:

"On 2-22-82 our agency entered into a Voluntary Agreement of Care for Joann [sic] Wilson, [date of birth] 5-11-70. This agreement was signed by the mother, Ruth Wilson. Since that date, several attempts have been made to obtain cooperation from Mrs. Wilson, in order to return Joann [sic] home, however, we have been unable to elicit cooperation from Mrs. Wilson."

The complaint further alleged that appellant's "present" address was "670 Park Avenue East, Room 1, Mansfield, Ohio 44905." The record indicates that a summons on the complaint was filed November 16, 1983. The "return" portion of the summons states that service by certified mail had been attempted, but that it was returned "unclaimed." The juvenile court entered a judgment finding that attempted service by certified mail had failed. The court continued the adjudicatory hearing, originally scheduled for November 16, to December 19, 1983.

On November 29, 1983, Bishop filed an "affidavit to obtain service by publication," which stated that after making reasonable efforts to locate appellant, she could not be found. The court then entered an order, the same day, authorizing service of process through publication. The record reveals that an affidavit was signed by R. A. Bartelheim, a representative of the "News Journal" of Mansfield, Ohio, on December 12, 1983. This affidavit, however, was not filed in the juvenile court until December 30, 1983. The affidavit avers that the following notice appeared in the affiant's newspaper on December 12, 1983:

"LEGAL NOTICE SUMMONS

"In the Matter of Jo Ann Wilson ALLEGED Dependent Child:

"Ruth Wilson, whose place of residence is unknown and whose last known address is unknown, and being the parent of Joann [sic] Wilson, alleged to be a dependent child under the laws of Ohio, will take notice and she is required to be personally present with said minor child in the Juvenile Court of Huron County, Ohio, before the Juvenile Judge thereof, on the 19th day of December, 1983, at 9:00 o'clock A.M., on the complaint now therein pending that said child is a dependent child, and fail not under penalty of law."

On December 19, the court filed a judgment entry stating that appellant had failed to appear for the scheduled hearing, but nonetheless finding that she had been served through publication with proper notice. The court then entered a "denial" of the complaint's allegations on behalf of appellant. The adjudicatory hearing was again continued until January 12, 1984.

Prior to the January 12 hearing, the Huron County Prosecuting Attorney, on December 22, 1983, moved to amend the prayer of the original complaint to request *permanent,* rather than temporary, custody of appellant's child. The court granted this motion, and an amended complaint was thereafter filed. On January 12, the adjudicatory hearing was held. Neither parent was present, although the court found that both had been served with notice. The court entered a "denial," on behalf of ap-

pellant and Jo Ann's father, to the subject matter of the amended complaint. After receiving evidence, the juvenile court entered a judgment finding Jo Ann to be a dependent child, and ordered her placed in the permanent custody of the Director of the Huron County Department of Human Services. This appeal followed. Appellant presents the following assignments of error for review:

"1. The court erred in entering final judgment against appellant because it lacked personal jurisdiction over her:

"(A) Because service of process was defective;

"(B) Because process was defective.

"2. The court erred in considering the amended complaint.

"3. The complaint and amended complaint failed to state facts sufficient to confer jurisdiction on the court."

In support of her first assignment of error, appellant argues, first, that there was improper service of process and, second, that defects in the summons itself failed adequately to notify her of the nature of the juvenile proceedings or of their ultimate effect on her parental rights. Appellant maintains that both difficulties' left the juvenile court without jurisdiction to enter the order permanently divesting her of her parental rights and, therefore, custody of her daughter.

Juv. R. 15 provides, in relevant part:

"(A) Summons: issuance. After the complaint has been filed, the clerk shall promptly issue summons to the parties * * *. A copy of the complaint shall accompany the summons.

"(B) Summons: form. The summons shall contain:

"* * *

"(2) A summary statement of the complaint and in juvenile traffic offense and delinquency proceedings the numerical designation of the applicable statute or ordinance.

"* * *

"(4) An order to the party or person to appear at a stated time and place with a warning that the party or person may lose valuable rights or be subject to court sanction if he fails to appear at the time and place stated in the summons.

"(5) If a complaint requests permanent custody a statement that the parent, * * * may be permanently divested of all parental rights."

Juv. R. 16 states, in pertinent part:

"(A) Summons: service, return. Summons shall be served as provided in Civil Rules 4(A), (C) and (D), 4.1, 4.2, 4.3, 4.5 and 4.6. * * *

"When the residence of a party is unknown, and cannot with reasonable diligence be ascertained, service shall be made by publication. Before service by publication can be made, an affidavit of a party or his counsel must be filed with the court. The affidavit shall aver that service of summons cannot be made because the residence of the defendant is unknown to the affiant and cannot with reasonable diligence be ascertained.

"Upon the filing of the affidavit the clerk shall cause service of notice to be made by publication in a newspaper of general circulation in the county in which the complaint is filed. If no newspaper is published in that county, then publication shall be in a newspaper published in an adjoining county. The publication shall contain the name and address of the court, the case number, the name of the first party on each side, and the name and last known address, if any, of the person or persons whose residence is unknown. The publication shall also contain a summary statement of the object of the complaint and shall notify the person to be served that he is required to appear at the time and place stated; such time shall not be less than fourteen days after the date of publication. The publication shall be published once and service shall be complete on the date of publication.

"After the publication, the publisher or his agent shall file with the court an affidavit showing the fact of publication together with a copy of the notice of publication. The affidavit and copy of the notice shall constitute proof of service."

The second, third and fourth paragraphs of Juv. R. 16(A) are substantially similar to Civ. R. 4.4 regarding service by publication. With respect to this method of serving litigants with notice of proceedings affecting their rights and interests, the Ohio Supreme Court, in *Sizemore* v. *Smith* (1983), 6 Ohio St. 3d 330, recently said at pages 331-332:

"* * * The required contents of the affidavit [in Civ. R. 4.4] are amply set forth in Civ. R. 4.4(A): that defendant's residence is unknown and that it cannot be discovered with reasonable diligence. Such an averment in the affidavit gives rise to a rebuttable presumption that reasonable diligence was exercised. * * * However, a bare allegation in an affidavit is not conclusive on the subject. Plaintiff, when challenged, must support the fact that he or she used reasonable diligence.

"* * *

"* * * Reasonable diligence requires taking steps which an individual of ordinary prudence would reasonably expect to be successful in locating a defendant's address. * * * [P]robable sources for a defendant's address would include the city directory, a credit bureau, county records such as the auto title department or the board of elections, or an inquiry of former neighbors. These examples do not constitute a mandatory checklist. Rather, they exemplify that reasonable diligence requires counsel to use common and readily available sources in his search.

"In addition, before service may be made by publication it must be authorized by law. * * *"

While R.C. 2703.14 sets forth those categories of cases where service by publication is authorized by law, R.C. 2151.29 permits such service in juvenile cases, although Juv. R. 16(A) expands on the requirements of proper service in somewhat more detail. Thus, we may look to Civ. R. 4.4 for guidance in construing Juv. R. 16(A). In *Northland Dodge, Inc.* v. *Damachi* (1978), 56 Ohio App. 2d 262 [10 O.O.3d 273], the Tenth District Court of Appeals stated, in the syllabus:

"The requirement in Civ. R. 4.4(A), pertaining to service by publication, that the last known address of a defendant be included in the publication is mandatory, and a failure to include such information in the notice will result in defective service."

The court went on to state that a service by publication which lacks a last known address is "defective on its face." *Id.* at 263. The court also said, "service by publication is, in fact, a last resort device, and therefore should be strictly enforced. * * * The purpose of including such last known address is possibly [to] allow someone there, or in the area, who knows a defendant's whereabouts, * * * to inform the defendant of the suit. Consequently, such defendant would be able to enter an appearance and defend the action." *Id.* at 264.

Here, the complaint alleges that appellant's last known address is in Mansfield, Ohio. But this address was not contained in the newspaper's publication-notice. Nor was the juvenile court's address published there either. Juv. R. 16 also requires a publication-notice to include "a summary statement of the object of the complaint," which the notice here failed to contain. In short, service by publication, under Juv. R. 16(A), requires that any notice published in a newspaper of general circulation include, among other things, the last known address of the party whose present whereabouts are unknown and a summary statement of

the object of the complaint, *i.e.*, what the complaint seeks with respect to the rights of the person on whom service is sought. Service by publication is a method of last resort and the requirements therefor, as specified in Juv. R. 16(A), are mandatory and will be strictly enforced. The failure to include such information in the publication-notice will result in defective service. Cf. *Northland Dodge, Inc.* v. *Damachi, supra;* cf., also, *Sizemore* v. *Smith, supra.*

Appellant secondarily complains that the summons itself was defective. As noted, on December 22, 1983, the prosecuting attorney moved to amend the original complaint in order to seek permanent custody of Jo Ann. The attempted service by publication had occurred earlier on December 12, but only with respect to the complaint which sought *temporary* custody. Juv. R. 10(D) states:

"(D) Complaint: permanent custody. A complaint seeking permanent custody of a child shall so state."

As noted, Juv. R. 15(A) requires that a copy of the complaint accompany the summons, and Juv. R. 15(B)(5) requires that a complaint seeking *permanent* custody contain a statement that the parent may be permanently divested of all of his or her parental rights. In addition to these juvenile rules, R.C. 2151.353(B) provides:

"No order for permanent custody shall be made at the hearing at which the child is adjudicated * * * dependent except and unless the complaint alleging the * * * dependency contains a prayer requesting permanent custody *and the summons served on the parents contains a full explanation that the granting of an order for permanent custody permanently divests them of their parental rights and contains a full explanation of their right to be represented by counsel and to have counsel appointed pursuant to Chapter 120. of the Revised Code if they are indigent.*" (Emphasis added.)

In this case no new summons, let alone one complying with the mandate of R.C. 2151.353(B), was ever issued on the amended complaint. Moreover, even assuming that appellant was properly served with the initial summons issued on the original complaint, that summons is nevertheless deficient in two respects. First, the summons, served separately from the complaint, refers a party seeking more information about "the object of the complaint" to the complaint itself to determine whether temporary or permanent custody of the child is being sought. The facts and "the object of the complaint" thus go undisclosed to the party whose parental rights may be permanently affected by an adverse adjudication. Consequently, a summons which merely refers the party served to the complaint for more details or for further explanation is inadequate under R.C. 2151.353(B). Second, the summons here failed to contain a "full explanation," in plain language easily understandable by lay persons, of a possible court order divesting appellant, either temporarily or permanently, of her parental rights. In this respect, appellant correctly notes that the defects in the summons, as well as those in the publication-notice, existed before the prosecutor filed the amended complaint on December 22 which sought permanent termination of appellant's parental rights. In construing the aforementioned juvenile rules and R.C. 2151.353(B) together, their import becomes reasonably clear. A properly served summons containing the "full explanation" required by R.C. 2151.353(B) must be accompanied by a copy of the complaint, whether amended or not, if such seeks, either temporarily or permanently, to divest a parent of his or her parental rights. Cf. *In re Fassinger* (1975), 42 Ohio St. 2d 505 [71 O.O.2d 503]. Here, even apart from the defects existing in the manner of service, no new summons issued after the amended complaint was filed. Thus, the juvenile

court failed to acquire jurisdiction over appellant for the purpose of terminating, either temporarily or permanently, her parental rights with respect to Jo Ann. Accordingly, appellant's first assignment of error is well-taken.

Since the juvenile court lacked jurisdiction to proceed as it did, appellant's second and third assignments of error are now rendered moot, given our disposition of the first assignment of error. For that reason, the second and third assignments of error are not well-taken.

On consideration whereof, the judgment of the Huron County Court of Common Pleas, Juvenile Division, is hereby reversed. This case is remanded to said court for further proceedings not inconsistent with this opinion and for assessment of costs. Costs assessed against appellee.

*Judgment reversed and case remanded.*

CONNORS, P.J., and WILEY, J., concur.

WILEY, J., retired, of the Sixth Appellate District, was assigned to active duty pursuant to Section 6(C), Article IV, Constitution.