IN RE MILLER.

(No. 50641 — Decided
July 7, 1986.)

Kraus & Kraus and Keith R. Kraus, for appellants Charlene Hatten and Hortense Lee.

John H. Lawson, for appellee Andrew Barker.

PARRINO, C.J. Charlene Hatten and Hortense Lee appeal from the judgment of the juvenile court affirming its previous order of custody and denying appellants' motion for relief from judgment. For the reasons adduced below, the decision of the trial court is reversed.

I

Nicole Miller was born on March 18, 1975. Her natural parents, Hortense Lee (nee Miller) and Andrew Barker, were never married to each other. At the time of Nicole's birth, Hortense Lee was seventeen years old. The juvenile court adjudged Nicole to be a dependent child and awarded temporary custody of the child to the Cuyahoga County Welfare Department of Social Services ("CCWDSS"). On December 12, 1976, the court terminated the order of temporary custody and ordered Nicole committed to her mother.

Nicole lived with her mother in Florida until the summer of 1983 when she returned to live with her grandmother, Charlene Hatten. For the purpose of enrolling Nicole in school, Charlene Hatten applied to the probate court to become the child's guardian. On September 27, 1983, with the written consent of both parents, the probate court appointed Charlene Hatten as guardian of the person of Nicole Miller.

On September 27, 1984, Andrew Barker filed an "Application to Determine Custody of Child not Ward of Another Court of this State" in the juvenile court seeking custody of Nicole for the purpose of enrolling her in a private school. With the application, Barker filed an affidavit for service by publication stating that he did not know Hortense Lee's place of residence. The summons was published on October 9, 1984. The record indicates that Charlene Hatten was served on November 8, 1984.

On November 9, 1984, a hearing was held on the application for custody. Neither Hortense Lee nor Charlene Hatten was present. The court heard the testimony of Andrew Barker and granted custody of Nicole to him. At this time Hortense Lee was living in Slidel, Louisiana. When she discovered that Barker now had custody of Nicole she wrote a letter to the court. The court on its own motion set the matter for review.

A hearing was held on February 8, 1985. The court continued the matter and asked counsel for appellants to submit a pretrial brief. Appellants responded with a motion for relief from the order and a motion to dismiss the application to determine child custody. The court held a hearing on these motions on June 11, 1985.

On June 26, 1985, the court entered judgment in favor of Barker. Appellants' motions were denied and the November 9, 1984 order concerning custody was continued. Appellants filed a motion for findings of fact and conclusions of law. The court issued its findings on July 6, 1985 and appellants filed their notice of appeal on July 12, 1985. Appellants raise four assignments of error.

## II

Assignment of error number one:

"I. The trial court's judgment was void for lack of jurisdiction over the subject matter of the action."

Appellants claim that because the probate court appointed a guardian for Nicole, the juvenile court lacked the authority to make a custody determination. We agree.

While the juvenile court entered an order in 1975 granting custody of Nicole to the CCWDSS, the court's jurisdiction ceased in 1976 when the court terminated the order and returned Nicole to her mother. The probate court then acquired jurisdiction when Charlene Hatten was appointed as Nicole's guardian in 1983.

Under R.C. 2101.24(A)(4), the probate court has exclusive jurisdiction to appoint and terminate guardianships. The court has continuing and exclusive jurisdiction over the ward and the guardian. The ward becomes the ward of the court. *In re Clendenning* (1945), 145 Ohio St. 82, 92, 30 O.O. 301, 305, 60 N.E. 2d 676, 681. The exercise of jurisdiction by the probate court precludes collateral attack of the order in another court. The control of the ward remains with the probate court. *Clendenning, supra*, at 90, 30 O.O. at 304, 60 N.E. 2d at 680. See, also, *Masitto* v. *Masitto* (1986), 22 Ohio St. 3d 63, 68-69, 22 OBR 81, 85, 488 N.E. 2d 857, 862 (Celebrezze, C.J., dissenting).

Further, Hatten was appointed the guardian of Nicole's person under R.C. 2111.06 with the written consent of both parents. Pursuant to this section, a guardian of the person has custody and must provide for the maintenance and education of the ward. Specific consent of a parent to the appointment of a guardian waives the parent's right to custody of the child as long as the guardianship is in effect. *Masitto, supra*, at 66, 22 OBR at 83, 488 N.E. 2d at 860.

The correct procedure would be to seek termination of the guardianship in the probate court. The proceedings in the juvenile court awarding custody to Barker were conducted in the absence of subject matter jurisdiction, and the custody order resulting therefrom is a nullity. Accordingly, appellants' first assignment of error is well-taken.

## III

Assignment of error number two:

"II. The trial court's judgment was void for lack of jurisdiction over the person of appellants."

The jurisdiction of the juvenile

court does not attach until notice of the proceedings has been provided to the parties. Absent notice, the judgment of the court is void. *In re Frinzl* (1949), 152 Ohio St. 164, 177, 39 O.O. 456, 461-462, 87 N.E. 2d 583, 589-590; *Lewis* v. *Reed* (1927), 117 Ohio St. 152, 160-164, 157 N.E. 897, 899-900. A lack of service of summons and an opportunity to be heard renders a custody order invalid. *Williams* v. *Williams* (1975), 44 Ohio St. 2d 28, 31, 73 O.O. 2d 121, 122-123, 336 N.E. 2d 426, 428.

Appellants' second assignment of error has merit. The court lacked *in personam* jurisdiction over Hortense Lee and Charlene Hatten.

The return of service filed with the court reflects that Charlene Hatten was served on November 8, 1984, one day prior to the hearing. Hatten testified that she did not discover the notice until after the hearing on November 9, 1984. Juv. R. 18(D) states that a notice of hearing shall be served no later than seven days prior to a hearing. Because this rule was not complied with, the service on Charlene Hatten was defective.

Service was made on Hortense Lee by publication. Juv. R. 16(A) provides for service by publication when the residence of a party is unknown, and cannot with reasonable diligence be discovered. Service on Lee was defective because the notice published in the newspaper failed to state her last known address as required by Juv. R. 16(A). Service by publication is a method of last resort; therefore, the requirements of Juv. R. 16(A) are mandatory and shall be strictly enforced. The failure to include such information in the publication notice results in defective service. *In re Wilson* (1984), 21 Ohio App. 3d 36, 39-40, 21 OBR 38, 42, 486 N.E. 2d 152, 156; *Demianczuk* v. *Demianczuk* (1984), 20 Ohio App. 3d 244, 246, 20 OBR 305, 308, 485 N.E. 2d 785, 789; *Northland Dodge, Inc.* v.

*Damachi* (1978), 56 Ohio App. 2d 262, 263-264, 10 O.O. 3d 273, 274-275, 382 N.E. 2d 779, 780-781.

Service on Hortense Lee was also defective because the record does not indicate that Andrew Barker used reasonable diligence to ascertain her address. A party seeking service by publication shall file an affidavit with the court stating that the residence of the party to be served is unknown, and cannot be ascertained with reasonable diligence. Where the party's place of residence is in fact known, service by publication will not establish the court's jurisdiction. *Demianczuk, supra,* at 245, 20 OBR at 307, 485 N.E. 2d at 788.

After she discovered that custody had been awarded to Andrew Barker, Hortense Lee wrote a letter to the court in which she asserted that Barker had actual knowledge of her place of residence. Once there has been a challenge to a party's exercise of reasonable diligence, that party must support his claim that he used reasonable diligence to locate the party served by publication. *In re Wilson, supra,* at 39, 21 OBR at 41, 486 N.E. 2d at 155. Perfunctory attempts to discover the place of residence are not sufficient. Minimal efforts do not constitute reasonable diligence; rather, it is demonstrated by " 'such diligence, care, or attention as might be expected from a man of ordinary prudence and activity.' " *Sizemore* v. *Smith* (1983), 6 Ohio St. 3d 330, 332, 6 OBR 387, 389, 453 N.E. 2d 632, 635.

At the June 11, 1985 hearing, Barker stated that he attempted to locate Hortense Lee by asking Charlene Hatten where Lee was. He stated that she refused to tell him. In contrast, Hatten testified that she gave Barker both the Louisiana address and phone number. Additionally, Barker knew that Nicole lived in Miami with Lee prior to Lee's move to Loui-

siana. Barker's wife, Darlene, stated that Nicole knew where her mother lived and telephoned her in Louisiana. No evidence was presented that Barker asked Nicole for her mother's address or phone number. From the evidence it is apparent that if Barker did not know Lee's whereabouts, he made only a minimal effort to locate her. This does not rise to the level of reasonable diligence, and the service on Lee was defective.

As both Hortense Lee and Charlene Hatten were denied notice and an opportunity to be heard, the court did not have jurisdiction over either Lee or Hatten, and the custody order of the court is void.

### IV

Assignments of error three and four:

"III. The trial court erred and abused its discretion in denying appellants' motion for relief from order and motion to dismiss application to determine child custody.

"IV. The trial court's judgment was against the manifest weight of the evidence."

App. R. 12 requires that this court address each assigned error. Because we have determined that the judgment of the trial court was void for lack of jurisdiction, the two remaining assignments of error shall only be discussed briefly.

Appellants contend that the court should have granted their motion for relief from order on the grounds of fraud, misrepresentation or other misconduct of an adverse party pursuant to Civ. R. 60(B)(3). Appellants allege that Barker filed false affidavits along with his application for custody. The court concluded that Barker was illiterate and that he did not commit a fraud, or misrepresentation, when he appeared before the court; therefore, appellants were not entitled to relief under Civ. R. 60(B)(3).

A Civ. R. 60(B) motion to vacate judgment is a collateral attack upon a judgment. A motion to vacate judgment for lack of jurisdiction is a direct attack on an alleged void judgment, and is authorized by common law. *Security Ins. Co.* v. *Regional Transit Auth.* (1982), 4 Ohio App. 3d 24, 28, 4 OBR 45, 50, 446 N.E. 2d 220, 225; *Lincoln Tavern, Inc.* v. *Snader* (1956), 165 Ohio St. 61, 64, 59 O.O. 74, 75-76, 133 N.E. 2d 606, 610. A motion to vacate a void judgment need not satisfy the requirements of Civ. R. 60(B) due to the court's inherent power to vacate its own void judgment. *Demianczuk, supra,* at 245, 20 OBR at 307, 485 N.E. 2d at 788; *Westmoreland* v. *Valley Homes Corp.* (1975), 42 Ohio St. 2d 291, 294, 71 O.O. 2d 262, 264, 328 N.E. 2d 406, 409. Accordingly, the court erred in failing to grant relief from judgment, as the court's order was void for lack of jurisdiction over both Lee and Hatten and the subject matter of the action. Appellants' assignments of error have merit.

The judgment of the trial court is reversed, with Nicole Miller to be returned to the custody of her guardian, Charlene Hatten.

*Judgment accordingly.*

PRYATEL and Ann McMANAMON, JJ., concur.