**In re COWLING et al., Alleged Dependent and/or Neglected Children.**

[Cite as *In re Cowling* (1991), 72 Ohio App.3d 499.]

Court of Appeals of Ohio,
Summit County.

No. 14642.

Decided Feb. 13, 1991.

*Lynn Slaby,* Prosecuting Attorney, for appellee.
*Michelle Stine Barnoff,* for appellant.

CACIOPPO, Judge.

On or about April 29, 1988, the Summit County Children Services Board ("CSB"), appellee, obtained emergency custody of Darnella and Kijana Cowling, children of the appellant, Sheila Cowling. On May 11, 1988, the Summit County Common Pleas Juvenile Court rendered an adjudication of dependency and committed the children to the temporary custody of CSB. Subsequent hearings resulted in the continuation of temporary custody in CSB.

On February 7, 1990, CSB filed a motion for permanent custody. CSB filed an affidavit to serve the appellant by publication, and notice by publication was approved by the trial court. On May 11, 1990, a hearing was held on the motion for permanent custody. Appellant was not present. Counsel for appellant contended that service was improper. The trial court found that service was proper, and following the hearing, granted permanent custody to CSB.

Assignments of Error

"I. The trial court erred to the detriment of the Defendant/Appellant by not providing reasonable notice of a child custody proceeding to Defendant/Appellant in derogation of Ohio Revised Code Section 3109.23.

"II. The trial court erred to the detriment of the Defendant/Appellant by authorizing service by publication for Defendant/Appellant, in derogation of Ohio Civil Rule 4.4(A), which states that service by publication is appropriate only where Defendant/Appellant's residence is unknown, where in fact Defendant/Appellant's residence *was* known."

As these assignments of error are interrelated, they will be addressed together.

Due to the relationship between parents and children, and because of the social consequences involved, a juvenile court cannot make a valid order

changing temporary commitment of a child to a permanent commitment without service of notice upon the parent of the child, strictly in accordance with the law. *In re Frinzl* (1949), 152 Ohio St. 164, 172, 39 O.O. 456, 459, 87 N.E.2d 583, 587.

There are numerous statutes and rules that deal with service in permanent custody hearings. R.C. 2151.414(A) provides in part:

"Upon the filing of a motion pursuant to section 2151.413 of the Revised Code for permanent custody of a child by a public children services agency or private child placing agency that has temporary custody of the child, the court shall schedule a hearing and give notice of the filing of the motion and of the hearing, in accordance with section 2151.29 of the Revised Code, to all parties to the action and to the child's guardian ad litem. * * *"

R.C. 2151.29, in clarifying the notice required under R.C. 2151.414, provides in part:

"Service of summons, notices and subpoenas, prescribed by section 2151.28 of the Revised Code, shall be made by delivering a copy to the person summoned, notified, or subpoenaed, or by leaving a copy at his usual place of residence. If the juvenile judge is satisfied that such service is impracticable, he may order service by registered or certified mail. If the person to be served is without the state but he can be found or his address is known, or his whereabouts or address can with reasonable diligence be ascertained, service of the summons may be made by delivering a copy to him personally or mailing a copy to him by registered or certified mail.

"Whenever it appears by affidavit that after reasonable effort the person to be served with summons cannot be found or his post-office address ascertained, whether he is within or without a state, the clerk shall publish such summons once in a newspaper of general circulation throughout the county. The summons shall state the substance and the time and place of the hearing, which shall be held at least one week later than the date of the publication. A copy of the summons and the complaint shall be sent by registered or certified mail to the last known address of the person summoned unless it is shown by affidavit that a reasonable effort has been made, without success, to obtain such address. * * *"

Juv.R. 16(A), in like fashion, provides:

"* * * When the residence of a party is unknown, and cannot with reasonable diligence be ascertained, service shall be made by publication. Before service by publication can be made, an affidavit of a party or his counsel must be filed with the court. The affidavit shall aver that service of

summons cannot be made because the residence of the defendant is unknown to the affiant and cannot with reasonable diligence be ascertained. \* \* \*"

R.C. 3109.23 further provides in part:

"(A) Before making a custody decree, the court shall give reasonable notice of the custody proceeding and opportunity to be heard to the contestants, any parent whose parental rights have not been previously terminated, and any person or public agency who has physical custody of the child. \* \* \*"

■ It is well established that the jurisdiction of the juvenile court does not attach until notice of the proceedings has been provided to the parties. *In re Miller* (1986), 33 Ohio App.3d 224, 225–226, 515 N.E.2d 635, 638; *In re Frinzl, supra*, 152 Ohio St. at 177, 39 O.O. at 461–462, 87 N.E.2d at 589–590. Absent notice, the judgment of the trial court is void. *Id.*

■ A party seeking notice by publication shall file an affidavit with the court stating that the residence of the party to be served is unknown, and cannot be obtained by reasonable diligence. *In re Miller, supra*, 33 Ohio App.3d at 226, 515 N.E.2d at 638–639. Once there has been a challenge to a party's exercise of reasonable diligence, that party must support its claim that it used reasonable diligence to locate the party served by publication. *Id.* Minimal efforts do not constitute "reasonable diligence"; rather, it is demonstrated by such diligence, care, or attention as might be expected from a person of ordinary prudence and activity. *Id.*, citing *Sizemore v. Smith* (1983), 6 Ohio St.3d 330, 332, 6 OBR 387, 389–390, 453 N.E.2d 632, 635.

■ We have reviewed the record and conclude that CSB exercised reasonable diligence in the case at bar. The record indicates that the appellant was essentially a transient. The case file from the trial court contains numerous notices sent to the appellant at various addresses throughout the period of the temporary custody that were returned to CSB as the appellant no longer resided at the addresses. There was testimony to the effect that appellant resided at approximately ten different addresses during a one-year period. Testimony also indicates CSB made efforts to establish her address prior to making service by publication. The appellant's history of sporadic contact coupled with her inability to obtain stable housing or provide CSB with an address to send notices made it extremely impractical, if not impossible, to serve the appellant in any other manner than by publication. As such, service by publication was proper in the case at bar as CSB adequately established that it exercised reasonable diligence in attempting to locate the appellant.

Accordingly, the first and second assignments of error are overruled. Judgment of the trial court is affirmed.

*Judgment affirmed.*

QUILLIN, P.J., and BAIRD, J., concur.