OPINION
Appellant, William McVey, appeals from the judgments of the Union County Court of Common Pleas, Juvenile Division, granting permanent custody of his two minor children, Keith and Kaula McVey, to the Union County Department of Human Services ("DHS"), which have been consolidated for purposes of appeal.
On November 20, 1998, DHS filed a complaint alleging that the children were dependent/neglected. DHS requested permanent custody of the children, or in the alternative, temporary custody. An adjudicatory hearing was held on January 29, 1999. The trial court found the children to be neglected and/or dependent due to the appellant's inability to care for the children because of his alcohol consumption and current incarceration in the Ashland County Jail until June 1999, and the mother's lack of willingness and ability to take care of them. A dispositional hearing was held on February 12, 1999, and the juvenile court ordered that permanent custody of the children be granted to DHS.
Appellant thereafter filed this appeal, raising the following three assignments of error:
 The trial court lacked jurisdiction to make an order of permanent custody because it did not provide reasonable notice of either the adjudication hearing or the permanent custody hearing to appellant.
 The trial court violated appellant's due process rights when it failed to appoint counsel for appellant after he notified the court of his desire to have counsel.
 The trial court erred when it took judicial notice of a previous adjudication of the minor children and used that information as a basis for appellant's current inability to successfully complete a reunification plan, thereby granting permanent custody to appellee.
In his first assignment of error, appellant argues that he had not received proper notice of the proceedings and, therefore, the juvenile court lacked jurisdiction in this case.
The record indicates that on December 9, 1998, a notice to personally serve appellant with the complaint, summons, entry and orders for hearing was issued to the Union County Sheriff Department, but was returned for failure of service shortly thereafter. On January 28, 1999, the prosecutor for DHS requested the clerk to issue a praecipe to the Ashland County Sheriff Department for personal service on appellant at the Ashland County Jail. The record reflects that appellant was personally served on that date. The adjudicatory hearing on the dependency and neglect complaint was held on January 29, 1999, followed by the dispositional hearing on February 12, 1999. Appellant was not represented by counsel nor was he present at these proceedings.
We find nothing in the record to explain why appellant was only served notice of the adjudicatory hearing on the day before the hearing. Moreover, even though service had failed by December 12, 1998, the record does not indicate what efforts were made to locate appellant after that point in time. On the other hand, the record indicates that appellant was arrested in Ashland County on September 6, 1998 for driving under the influence, reckless operation, child endangering, no seat belt, and driving under court ordered suspension. The guardian ad litem noted in her report filed January 28, 1999 that appellant "has been incarcerated for OMVI charges and will not be released until June, 1999." As such, it appears that information could possibly have led to appellant's whereabouts.
Further, there is no explanation on the record before us why appellant was not served by publication. The return of service indicated that a neighbor advised the sheriff that appellant had moved to an unknown location in the Columbus area. Yet, when the mother could not be personally served, she was served notice by publication. R.C. 2151.29 provides, in pertinent part, as follows:
 Service of summons, notices, and subpoenas, prescribed by section 2151.28 of the Revised Code, shall be made by delivering a copy to the person summoned, notified, or subpoenaed, or by leaving a copy at his usual place of residence. If the juvenile judge is satisfied that such service is impracticable, he may order service by registered or certified mail. * * *
 Whenever it appears by affidavit that after reasonable effort the person to be served with summons cannot be found or his post-office address ascertained, whether he is within or without a state, the clerk shall publish such summons once in a newspaper of general circulation throughout the county. The summons shall state the substance and the time and place of the hearing, which shall be held at least one week later than the date of the publication. * * *
Additionally, it should be emphasized that there are certain statutory notice requirements which have to be included in the summons. Such requirements set forth in R.C. 2151.28 provide in pertinent part:
 (A) [A]fter the complaint is filed, the court shall fix a time for an adjudicatory hearing. * * *
* * *
 (C) The court shall direct the issuance of a summons directed to the child except as provided by this section, the parents, guardian, custodian, or other person with whom the child may be and any other persons that appear to the court to be proper or necessary parties to the proceedings, requiring them to appear before the court at the time fixed to answer the allegations of the complaint. The summons shall contain the name and telephone number of the court employee designated by the court pursuant to section 2151.314 [2151.31.4] of the Revised Code to arrange for the prompt appointment of counsel for indigent persons. * * *
 (D) If the complaint contains a prayer for permanent custody, temporary custody, whether as the preferred or an alternative disposition, * * * the summons served on the parents shall contain as is appropriate an explanation that the granting of permanent custody permanently divests the parents of their parental rights and privileges, [or] an explanation that an adjudication that the child is an abused, neglected, or dependent child may result in an order of temporary custody that will cause the removal of the child from their legal custody until the court terminates the order of temporary custody or permanently divests the parents of their parental rights[.]
* * *
 (F)(1) The summons shall contain a statement advising that any party is entitled to counsel in the proceedings and that the court will appoint counsel or designate a county public defender or joint county public defender to provide legal representation if the party is indigent.
It is well established that in order for the juvenile court to acquire jurisdiction notice of the proceedings has to be provided to the parties. In re Frinzl (1949), 152 Ohio St. 164,177; see, also, In re Miller (1986), 33 Ohio App.3d 224, 225-226. In order for the notice to be valid and to give the court jurisdiction, the party must be served "sufficiently in advance of the hearing to give the person to be notified a reasonable time to obtain counsel and prepare for participation in such hearing." Inre Frinzl at paragraph two of the syllabus. Absent such notice, the judgment of the trial court is void. Id. at 177.
As stated previously, the record in this case indicates that appellant did not receive notice of either the complaint by DHS seeking permanent custody of his children or the adjudicatory hearing date until the day before the hearing held on January 29, 1999. Moreover, the return filed by the sheriff indicates that appellant was personally served on January 28, 1999. However, we note that the record reflects that the juvenile court incorrectly determined that the notice requirements had been complied with based on the fact that "Mr. McVey was served by the Ashland County Sheriff's Office personally on January 26th." The record further indicates that although it was known in January of 1999 that appellant would be in the Ashland County Jail until June 1999, he did not receive either a copy of the judgment entry of adjudication or notice of the dispositional hearing until the day of the dispositional hearing on February 12, 1999.
Based upon the record, including the absence of any explanation regarding the timing of the notice, we cannot conclude that appellant had sufficient notice of the proceedings in this case to obtain counsel and prepare to defend against the claims or to present his side of the case. Although the preliminary indications in the record do not look favorable to appellant, we cannot overlook the fact that appellant's parental rights were terminated without him having been provided adequate notice of the proceedings and without him having an opportunity to participate in such proceedings himself or through counsel.
Accordingly, appellant's first assignment of error is sustained. In light of the foregoing, appellant's other two assignments of error are rendered moot.
We reverse the juvenile court's judgments and remand these cases for further proceedings consistent with this opinion.
Judgments reversed and causes remanded.
BRYANT, P.J., and WALTERS, J., concur.