OPINION
Appellant Thomas Stevenson appeals the decision of the Stark County Court of Common Pleas, Domestic Relations Division, on the basis that Appellee Katherine Stevenson did not properly serve him with notice of a hearing date by publication. The following facts give rise to this appeal. The parties to this appeal were divorced on September 30, 1996. On July 21, 1999, Appellee Katherine Stevenson filed a motion seeking, in part, to terminate Appellant Thomas Stevenson's companionship rights. Appellee Katherine Stevenson accomplished service of the hearing date by publication only. Appellee Stevenson did not attempt to seek actual service of the motion. The trial court conducted a hearing on Appellee Katherine Stevenson's motion on September 7, 1999. Appellant Thomas Stevenson was not present for the hearing. On October 20, 1999, the trial court filed its judgment entry terminating the companionship rights of Appellant Thomas Stevenson. Appellant timely filed a notice of appeal and sets forth the following assignments of error for our consideration:
 I. THE TRIAL COURT'S ORDER OF OCTOBER 20, 1999, IS VOID DUE TO A LACK OF SERVICE.
 II. THE ENTRY OF THE ORDER OF OCTOBER 20, 1999 VIOLATED THE APPELLANT'S RIGHT TO PROCEDURAL DUE PROCESS.
 I, II
We will address appellant's First and Second Assignments of Error simultaneously because both concern the issue of service by publication. Appellant claims, in his First Assignment of Error, that the trial court's order of October 20, 1999, is void due to lack of service. In his Second Assignment of Error, appellant contends the trial court's order of October 20, 1999 violated his right to procedural due process. We agree with both assignments of error. Civ.R. 4.4 addresses the procedure for service by publication and provides, in pertinent part: (1) * * * service shall be made by publication in actions where such service is authorized by law. Before service by publication can be made, an affidavit of a party or his counsel shall be filed with the court. The affidavit shall aver that service of summons cannot be made because the residence of the defendant is unknown to the affiant, all of the efforts made on behalf of the party to ascertain the residence of the defendant, and that the residence of the defendant cannot be ascertained with reasonable diligence.
Thus, Civ.R. 4.4 sets forth three elements an affidavit must contain before service by publication can be made: (1) residence of the defendant is unknown to the affiant; (2) all of the efforts made on behalf of the party to ascertain the residence of the defendant; and (3) the residence of the defendant cannot be ascertained with reasonable diligence. These requirements are to be strictly construed. See Northland Dodge, Inc. v. Damachi (1978), 56 Ohio App.2d 262. In the case sub judice, appellee filed the required affidavit on July 21, 1999. However, the affidavit fails to aver the efforts appellee undertook in order to ascertain appellant's address. Counsel for appellee explained at the hearing on the motion that "[t]he obvious reason for publication ought to be contained with the thickness of the file. We have about ten contempts that we were never able to serve." Tr. Hrng. Dec. 28, 1999, at 4. We find that the unsuccessful attempts to serve appellant in the past do not excuse appellee from explaining the efforts made to ascertain appellant's address for purposes of serving the motion filed on July 21, 1999. Accordingly, appellant's First and Second Assignments of Error are sustained.
For the foregoing reasons, the judgment of the Court of Common Pleas, Domestic Relations Division, Stark County, Ohio, is hereby reversed and remanded for proceedings consistent with this opinion.
 __________________ WISE, J.
Wise, J. Farmer, P.J., and Edwards, J., concur.