JOURNAL ENTRY AND OPINION
This is an appeal from a judgment of the Cuyahoga County Court of Common Pleas, Juvenile Division, granting permanent custody of Edith Call, born March 25, 1996, to Cuyahoga County Department of Children and Family Services (CCDCFS). Robert Call, Edith's father, complains on appeal the court should not have granted CCDCFS permanent custody of Edith, alleging the child should have been placed with him instead. After review of the record, we conclude the trial court erred and reverse and remand.
On September 10, 1997, CCDCFS removed Edith from the care and custody of her parents, Robert and Susan Call, and placed her in the foster care of John and Kathleen Zeller. On January 22, 1998, Edith was adjudicated neglected and dependent. A case plan was instituted at that time for purposes of pursuing reunification of the minor child with her parents.
On April 6, 1999, CCDCFS filed a motion seeking permanent custody of Edith. CCDCFS attempted personal service on Mr. Call on November 8, 1999, and the notice of service indicates that no person present at address to accept service. On November 23, 1999, Mr. Call signed an Acknowledgment of Receipt of Summons. This document is captioned IN THE MATTER OF Edith Call and states:
 I, the undersigned, being a party of the within Juvenile Court action, do hereby acknowledge receipt of summons with a copy of the complaint in the above captioned matter.
 I hereby voluntarily enter my appearance in the matter on the merits thereof.
CCDCFS attempted personal service on Mrs. Call on December 21, 1999 at her last known address, and the notice of service indicates that subject does not reside at this address. On January 21, 2000, Mrs. Call was served by publication notice in the Daily Legal News.
On May 22 and May 31, 2000, trial was held. Mrs. Call failed to appear. Mr. Call appeared with his appointed attorney, Colleen O'Toole. Testimony was heard from CCDCFS social worker Jaida Patterson, Edith's psychologist Dr. Janet Davis, Mr. Call's girlfriend Beverly Perreault, and county employees Mar Kirschenbaum, Rupert Dean, Dan Macik and Simone Blair. A continuance was requested by Mr. Call's attorney to secure the attendance of Dr. Sandra McPherson, but that request was denied by the court. At the conclusion of the trial, the guardian ad litem, Joan Lissner, gave her oral recommendation of permanent custody to CCDCFS and all parties received a copy of her written report. The Juvenile Court granted permanent custody of the minor child to CCDCFS for purposes of adoption by order journalized on June 28, 2000.
On July 26, 2000, Mr. Call timely filed his appeal to this court by which he challenges the termination of his parental rights as to his child Edith and raises six assignments of error for our review.
 I. THE JUVENILE COURT ERRED AND ABUSED ITS DISCRETION BY TERMINATING PARENTAL RIGHTS AS TO EDITH CALL WHEN SERVICE HAD NOT BEEN PROPERLY MADE ON EITHER OF HER PARENTS IN VIOLATION OF THE FOURTEENTH AMENDMENT OF THE UNITED STATES CONSTITUTION AND ARTICLE I SECTION 10 OF THE OHIO STATE CONSTITUTION.
In his first assignment of error, Mr. Call asserts that the trial court's grant of permanent custody to CCDCFS should be reversed because he and Mrs. Call were not properly served with a copy of the motion for permanent custody. CCDCFS contends that all service issues were properly and lawfully resolved prior to trial. The issue here is whether service was properly perfected on both parents prior to the grant of permanent custody.
Parents have a constitutionally protected fundamental interest in the care, custody, and management of their children. Santosky v. Kramer (1982), 455 U.S. 745. Consequently, when the State seeks to terminate parental custody, parents are entitled to due process guarantees under theFourteenth Amendment to the United States Constitution, including a hearing upon adequate notice, assistance of counsel, and (under most circumstances) the right to be present at the hearing itself. Id.
Ohio has incorporated these due process requirements into the statutes and rules governing juvenile adjudications and dispositions. R.C.2151.414(A), governing permanent custody hearings, provides that all parties to the action must be given notice of the filing of the motion for permanent custody and of the hearing. R.C. 2151.29 provides that notice of a permanent custody motion and hearing may be made personally, by certified mail or by publication in the event that a person to be served cannot be located through reasonable efforts.
Juv.R. 16(A)[1], which addresses service by publication, requires that before publication is made, the party or his counsel must file an affidavit expressing that the other party's residence in unknown and cannot be ascertained with reasonable diligence. See, also, In re Cowling (1991), 72 Ohio App.3d 499, 502; In re Basil Mullenax (1996),108 Ohio App.3d 271, 274; In re Sitgraves (Nov. 26, 1997), Cuyahoga App. No. 71862, unreported. In addition, it requires the publication to contain the name and address of the court, the case number, the name of the first party on each side, and the name and last known address, if any, of the person or persons whose residence is unknown before service by publication can be made. See, also, In re Miller (1986),33 Ohio App.3d 224 at 226; In re Sitgraves, supra.
The jurisdiction of the Juvenile Court does not attach until proper notice of the proceedings has been provided to the parties. In re Cowling, supra at 502; In re Miller, supra; In re Frinzl (1949),152 Ohio St. 164, 177. Parents are necessary parties to any proceeding concerning a child in Juvenile Court and must be served. In re Sky Jones,(Nov. 22, 2000), Cuyahoga App. No. 76533, unreported; In re Ware, (July 17, 1980), Cuyahoga App. No. 40983, unreported. Unless notice is given to the parents, a judgment of commitment rendered in such proceeding is void. Maryhew v. Yova (1984), 11 Ohio St.3d 154, 156-157; O.B. Corp. v. Cordell (1988), 47 Ohio App.3d 170, 171.
Here, with regard to Edith's father, the record shows that notice of the permanent custody hearing was successfully served upon Mr. Call. Personal service was attempted on Mr. Call on November 8, 1999, but no person [was] present at address to accept service. However, on November 23, 1999, Mr. Call signed an Acknowledgment of Receipt of Summons in which he acknowledged that he received a copy of the summons and complaint with regards to the permanent custody of Edith and voluntarily entered his appearance in the matter. Moreover, he appeared at every stage of the case accompanied by his attorney, submitted responsive pleadings and motions, participated in discovery, attended and participated in the numerous hearings regarding this case, and at trial, was very active in defending his case.
Personal jurisdiction may be acquired by the "voluntary appearance and submission of the defendant or his legal representative, or by certain acts of the defendant or his legal representative which constitute an involuntary submission to the jurisdiction of the court." Maryhew v. Yova, supra, at 156-157; In re Crews (July 30, 1999), Montgomery App. No. 17670, unreported; In re Jennifer L (May 1, 1998), Lucas App. No. L-97-1295. Waiver is found where the party has actual notice of the hearing, is represented by counsel, and appears and defends. In re Frinzl, supra at 172; In re Shaeffer Children (1993), 85 Ohio App.3d 683,688; In re Webb (1989), 64 Ohio App.3d 280, 284-85; In re Huntsman (Feb. 15, 2001), Cuyahoga App. No. 77720, unreported; In re Lane (Oct. 5, 2000), Cuyahoga App. No. 74565, unreported; Garnett v. Garnett (Aug. 7, 1986), Cuyahoga App. No. 50857, unreported.
Here, there is no question that Mr. Call had actual notice of the proceedings, appeared, defended, and was given a full opportunity to be heard. Further, since he was represented by counsel throughout the proceedings, it is clear that he fully understood his rights and the nature of the proceedings. Thus, we conclude that by his actions, Mr. Call voluntarily submitted himself to the trial court's jurisdiction, despite his initial objections at trial. Accordingly, the trial court properly exercised jurisdiction over Mr. Call in the proceedings at issue.
With regard to Edith's mother, the record shows that on December 21, 1999 an attempt was made to personally serve Mrs. Call with notification of the permanent custody proceeding and that the notice of service indicated that subject does not reside at this address. Mrs. Call was then served by publication in the Daily Legal News on January 21, 2000. However, the record does not reflect that an affidavit was filed by a party or by counsel which would indicate that Mrs. Call's address was unknown and the affiant, with due diligence, was unable to discover the whereabouts of Mrs. Call. Moreover, the notice published in the Daily Legal News did not contain Mrs. Call's last known address.
The requirements for service by publication, as specified in Juv.R. 16(A), are mandatory and must be strictly construed. In re Miller, supra, at 226; In re Wilson, supra, at 40. The failure to file an affidavit showing reasonable diligence and the failure to include the last known address of a person sought to be served results in defective service. Id. See, also, Northland Dodge, Inc. v. Damachi (1978),56 Ohio App.2d 262, 263; In re Sitgraves, supra; In re McAllister (Feb. 16, 1996), Franklin App. No. 94APF07-1100, unreported.
Here, the requirements of due process have not been met since no affidavit showing reasonable diligence was filed and the publication notice fails to include the last known address of Mrs. Call. Accordingly, we conclude that service was not properly effected on Mrs. Call with regard to the motion for permanent custody of Edith and the trial court's permanent custody award of Edith is void against her. The issue now before this court is whether Mr. Call has standing to challenge the termination of his parental rights as void for failure of service upon Mrs. Call.
An appealing party may complain of an error committed against a non-appealing party when the error is prejudicial to the rights of the appellant. In re Hitchcock (1996), 120 Ohio App.3d 88, 99-100. Upon a showing of prejudice, the appellant may challenge the error committed against the non-appealing party. In re Hiat (1993), 86 Ohio App.3d 716,721.
A complaint for permanent custody leads to an adversarial proceeding which can deprive parents of all rights in their children. In re Miller, supra, at 190. To grant permanent custody, the court is required to find that the child cannot be returned to either parent. See R.C. 2151.414(E). Where one parent is unable to defend against this challenge, prejudice to the other parent is inherent. In re Sky Jones, (Nov. 22, 2000), Cuyahoga App. No. 76533, unreported. Specifically, in In re Sky Jones, this court held that a parent's potential retention of parental rights are prejudiced where the court fails to secure proper service and consider the other parent's defenses to the termination of parental rights.
Here, the termination of Mr. Call's parental rights, made without a full adjudication of whether the child could be placed in the mother's potential custody, is inherently prejudicial to Mr. Call. As such, he may challenge the error committed against Mrs. Call and has standing to challenge the termination of his parental rights as void for failure of service upon Mrs. Call. Accordingly, the trial court's permanent custody award of Edith Call to CCDCFS must be vacated and the matter remanded to the juvenile court for further consideration.
In light of our resolution of Mr. Call's first assignment of error, we find it unnecessary to reach the issues presented in his remaining assignments of error. Accordingly, Mr. Calls' remaining assignments of error are rendered moot and need not be decided in accordance with Appellate Rule 12(A)(1)(c).
Judgment reversed and remanded. Upon remand, the trial court is directed to set aside its previous order granting permanent custody of Edith to CCDCFS and to obtain proper service of process upon Mrs. Call before conducting a hearing on the merits.
It is ordered that appellant recover of appellee his costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Court of Common Pleas Juvenile Court Division to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 ____________________ JAMES J. SWEENEY, J.
[1] Juv.R. 16(A) is substantially similar to Civ.R. 4.4 regarding service by publication.