JOURNAL ENTRY and OPINION
Appellant Gordon Morris appeals the trial court's order granting permanent custody of Demetrius Gallagher to appellee Cuyahoga County Department of Children and Family Services (CCDCFS). For the reasons below, the decision of the trial court is reversed and remanded.
On February 14, 2001, Demetrius was born, testing positive for crack cocaine. On February 20, 2001, CCDCFS filed a complaint for neglect and permanent custody. Gordon Morris was named as the alleged father of the child, but paternity was not established. On the same date, CCDCFS filed an affidavit for publication because Morris' residence was unknown.
On February 22, 2001, Demetrius was committed to the emergency care and custody of CCDCFS. Demetrius' mother, Victoria Gallagher, did not object to CCDCFS obtaining custody.
On April 11, 2001, CCDCFS attempted to serve Morris by publication and to notify him of the hearing on the neglect complaint. However, on May 7, 2001, the trial court continued the hearing because notice requirements were not met and all necessary parties were not present in court.
On May 12, 2001, CCDCFS attempted to serve Morris by publication and thus notify him of the permanent custody hearing to be held on May 18, 2001.
On May 18, 2001, the trial court again continued the hearing, finding that "notice requirements have not been met." The court's order did not specifically reference Morris, but did state that "[s]ervice was not perfected on the mother." The hearing was continued until June 27, 2001.
A summons purporting to notify Morris of the June 27, 2001 hearing exists in the court's file. However, it appears that this summons was never served because it is not signed or date-stamped, it does not list an address for Morris, and it fails to indicate what method of service, if any, was attempted. No attempt was made to serve this summons by publication.
On June 27, 2001, the trial court found that Demetrius is neglected and placed him in the permanent custody of CCDCFS.
Morris timely appealed, raising the following assignment of error:
 I. THE TRIAL COURT LACKED JURISDICTION TO MAKE AN ORDER OF PERMANENT CUSTODY AS IT DID NOT PROVIDE REASONABLE NOTICE TO APPELLANT OF THE PERMANENT CUSTODY HEARING.
Morris asserts that the trial court failed to meet the requirements of Juv.R. 16(A) in its attempt to serve him by publication.
Juv.R. 16, in pertinent part, provides:
 [W]hen the residence of a party is unknown and cannot be ascertained with reasonable diligence, service shall be made by publication.
* * *
 Before service by publication can be made, an affidavit of a party or party's counsel shall be filed with the court. The affidavit shall aver that service of summons cannot be made because the residence of the person is unknown to the affiant and cannot be ascertained with reasonable diligence and shall set forth the last known address of the party to be served.
 * * * The publication shall contain the name and address of the court, the case number, the name of the first party on each side, and the name and last known address, if any, of the person or persons whose residence is unknown. The publication shall also contain a summary statement of the object of the complaint and shall notify the person to be served that the person is required to appear at the time and place stated. The time stated shall not be less than seven days after the date of publication. The publication shall be published once and service shall be complete on the date of publication.
A juvenile court is without jurisdiction to make permanent a temporary commitment of a dependent or delinquent child unless notice of the time and place of the hearing upon such matter is served on the parent. In reSitgraves (Nov. 26, 1997), Cuyahoga App. No. 71862, unreported (reversing the permanent custody order because the alleged father, who had not established paternity, was not properly notified of the hearing), citing, In re Frinzl (1949), 152 Ohio St. 164, 87 N.E.2d 583, at syllabus. If the parties do not receive notice of the proceedings, the judgment of the court is void. Id.
This court has specifically held that service by publication is a method of last resort; therefore, the requirements of Juv.R. 16(A) are mandatory and shall be strictly enforced. Sitgraves, citing, In reMiller (1986), 33 Ohio App.3d 224, 515 N.E.2d 635.
CCDCFS failed to fully comply with Juv.R. 16 each time it attempted service on Morris.
The May 12, 2001 service attempt was defective. The notice stated that the permanent custody hearing was to be held on May 18, 2001. Pursuant to Juv.R. 16(A), "[t]he time stated shall not be less than seven days after the date of publication." Here, the hearing was scheduled six days after the publication date, and therefore the notice did not strictly comply with the mandatory requirements of Juv.R. 16(A).
Furthermore, this defect was not corrected by the summons which purports to notify Morris of the June 27, 2001 trial date. As previously stated, the summons is not signed nor does it identify the method of alleged service. In addition, it identifies Morris' address as "unknown, Middletown, Ohio 45042." "When the residence of a party is unknown and cannot be ascertained with reasonable diligence, service shall be made bypublication." Juv. R. 16(A) (Emphasis added.)
Here, the summons lists Morris' residence as unknown. In addition, CCDCFS filed an affidavit stating that after making a reasonable effort it could not ascertain Morris' address. Accordingly, CCDCFS was required to notify Morris of the June 27, 2001 trial date by publication, not by summons.
Thus, we find Morris' assignment of error has merit. Accordingly, the decision of the trial court is reversed and the case remanded for a permanent custody hearing after proper notice to the parties.
This cause is reversed and remanded to the lower court for further proceedings consistent with this opinion.
It is, therefore, considered that said appellant recover of said appellee his costs herein.
It is ordered that a special mandate be sent to the Juvenile Court Division of the Cuyahoga County Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
JAMES D. SWEENEY, P.J. and DIANE KARPINSKI, J., CONCUR