In re Fassinger.

[Cite as In re Fassinger (1975), 42 Ohio St. 2d 505.]

(No. 74-804—Decided June 25, 1975.)

506

*Mr. Joseph Lajack,* for appellant, Cuyahoga County Welfare Department.

*Mrs. Harriet B. Holtzman* and *Mr. Sarge R. Holtzman,* for appellees, Donald and Jean Fassinger.

PAUL W. BROWN, J.

R. C. 2151.353 provides that:

"No order for permanent custody shall be made at the hearing wherein the child is adjudicated neglected or dependent except and unless the complaint alleging the neglect or dependency contains a prayer requesting such permanent custody and the summons served on the parents contains a full explanation that the granting of such an order permanently divests them of their parental rights."

Because the Cuyahoga County Welfare Department failed to comply with the explicit requirements of this statute, the agency's laudatory effort to provide the Fassinger children with adequate parental care must come to naught.

The agency's original complaint, filed on December 13, 1971, did not purport to seek permanent custody. Had it done so, it would have been defective, in that the summons served upon the parents failed to contain the explanation required by R. C. 2151.353, that the granting of the order sought would permanently divest them of their parental rights.

The agency's subsequent motion, filed on August 20, 1973, was also deficient. Though not denominated a complaint, it specifically requested an order changing permanent custody. The summons served upon the parents contained the explanation required by law. But the motion itself failed to allege neglect or dependence, or to assert any other ground for a change in custody with sufficient definiteness that the parents could be apprised of the charge they would be required to meet.

The mandate of R. C. 2151.353 is clear. To modify its requirements in a well-intentioned effort to assist the Fassinger children, or to construe the agency's complaint and motion together, so as to bring them into compliance with the statute, would be improper. The parents of Celeste and Christine Fassinger sought, and concurred in, the initial vesting of temporary custody in the agency. To deny them permanent custody, without proper notice, summons, and hearing, would be manifestly unfair.

We hold that under R. C. 2151.353, the filing of a complaint containing a prayer requesting permanent custody, sufficiently apprising the parents of the grounds upon which the order is to be based, and the service of summons upon the parents, explaining that the granting of such an order permanently divests them of their parental rights, are prerequisite to a valid adjudication that a child is neglected or dependent for the purpose of obtaining an order for permanent custody divesting parental rights.

The judgment of the Court of Appeals is affirmed.

*Judgment affirmed.*

O'NEILL, C. J., HERBERT, CORRIGAN, STERN, CELEBREZZE and W. BROWN, JJ., concur.