IN RE COVIN.

(No. C-810874—Decided November 10, 1982.)

*Mr. Simon L. Leis, Jr.,* prosecuting attorney, and *Mr. Philip L. Zorn, Jr.,* for appellee.

*Mr. Michael H. Siegler,* for appellant.

*Per Curiam.* This cause came on to be heard upon an appeal from the Juvenile Division of the Hamilton County Court of Common Pleas.

The appellant, Zelda Covin, is the natural mother of Kenneth Covin, born April 22, 1969, and Michael Covin, born March 19, 1971. On March 4, 1976, Ken-

neth and Michael, along with three older siblings, were adjudged dependent by the juvenile court and temporarily committed to the custody of the Hamilton County Welfare Department. The three older siblings were subsequently emancipated.

On March 30, 1981, the welfare department moved the lower court for an order modifying the temporary commitment order to a permanent commitment order and terminating all parental rights. Prior to the proceedings on this motion, the court below granted the motion of Lavonia Simpson, appellant's mother, to intervene as a petitioner for custody. At the conclusion of the proceedings below the court entered judgment permanently committing Kenneth and Michael to the custody of the welfare department and terminating all parental rights. Thereafter Lavonia Simpson moved the lower court for written findings of fact and conclusions of law, which motion she subsequently withdrew. The instant appeal timely followed. Ms. Simpson did not join in the appeal.

In the first of her two assignments of error the appellant asserts that the lower court failed to comply with the requirements of R.C. 2151.414. Specifically, the appellant asserts that the welfare department's motion for permanent custody was defective in that it failed to sufficiently apprise her of the grounds upon which the permanent commitment proceedings were based, that the lower court failed to include within its judgment entry any mention of the specific determinations required by R.C. 2151.414(A), and that the lower court failed to file a written opinion setting forth its findings of fact and conclusions of law as required by R.C. 2151.414(B).

The assignment does not avail.

Although the appellant cites R.C. 2151.414 in support of her claim that the welfare department's motion for permanent custody failed to apprise her sufficiently of the grounds for the depart-

ment's request for permanent custody,[1] that claim would more appropriately lie under R.C. 2151.353(B) which provides in pertinent part:

"No order for permanent custody shall be made at the hearing at which the child is adjudicated abused, neglected, or dependent except and unless the complaint alleging the abuse, neglect, or dependency contains a prayer requesting permanent custody and the summons served on the parents contains a full explanation that the granting of an order for permanent custody permanently divests them of their parental rights and contains a full explanation of their right to be represented by counsel and to have counsel appointed pursuant to Chapter 120. of the Revised Code if they are indigent."

In construing this provision the Ohio Supreme Court has said:

"We hold that under R.C. 2151.353, the filing of a complaint containing a prayer requesting permanent custody, sufficiently apprising the parents of the grounds upon which the order is to be based, and the service of summons upon the parents, explaining that the granting of such an order permanently divests them of their parental rights, are prerequisite to a valid adjudication that a child is neglected or dependent for the purpose of obtaining an order for permanent custody divesting parental rights." *In re Fassinger* (1975), 42 Ohio St. 2d 505, at 508 [71 O.O.2d 503].

We have examined the welfare department's motion for permanent custody and hold, based upon that examination, that it sufficiently apprised the appellant of the grounds upon which the department sought permanent custody. The motion contained allegations that Kenneth and Michael were dependent due to lack

---

[1] R.C. 2151.414 contains no provisions relating to the specificity or sufficiency of a claim or motion for permanent custody.

of proper care and support through no fault of their parents and that their environment was such as to warrant the state in assuming their guardianship. Additionally, the motion contains several allegations of fact which, the department claimed, demonstrated the children's dependency. Given this posture of the motion, we hold it satisfied the above-quoted *Fassinger* test.

Our holding on this point is not affected by the welfare department's citation to R.C. 2151.353(D), which was replaced in 1980 by R.C. 2151.353(A)(4). The legislative changes effected in 1980 require the juvenile court to make three specific determinations before ordering the permanent commitment of a neglected or dependent child. These changes, however, do not alter the nature and purpose of a dependency and permanent commitment proceeding. Thus, despite the department's incorrect citation to the repealed statute, we hold the appellant was sufficiently apprised of the grounds upon which the motion for permanent commitment was predicated.

With respect to the lower court's failure to file written findings of fact and conclusions of law we quote, in part, R.C. 2151.414(B):

"* * * If the court grants permanent custody of a child to a movant under this division, the court, *upon the request of any party,* shall file a written opinion setting forth its findings of fact and conclusions of law in relation to the proceeding." (Emphasis added.)

Our examination of the record reveals that only Lavonia Simpson moved the lower court for written findings of fact and conclusions of law, and that Ms. Simpson subsequently withdrew her motion. Further, we are unable to find any demonstration that the appellant objected to this withdrawal or thereafter moved the court on her own behalf for such findings and conclusions. Upon this state of the record and the language of the above-quoted provision, we hold that the lower court did not err in not filing a written opinion setting forth its findings of fact and conclusions of law.

Finally, the appellant's assertion that the lower court failed to include within its judgment entry any statements indicating that it had made the determinations required by R.C. 2151.414(A) is, although an accurate observation, not an appropriate basis for reversal. R.C. 2151.414(A) lists numerous determinations to be made by the lower court during a hearing upon a motion for permanent custody. The statute, however, does not require these determinations to be specifically listed in the lower court's judgment entry, and thus the failure to do so is not error. Such determinations would be appropriately included within the court's findings of fact and conclusions of law if they were requested by a party below. For the above-stated reasons the appellant's first assignment of error is overruled.

The second error assigned by the appellant is that the lower court's judgment of dependency was not supported by clear and convincing evidence and that the disposition of permanent commitment was inappropriate. We have examined the record within, including the transcript of the proceedings below, and hold that the lower court's judgment of dependency was supported by clear and convincing evidence and that the lower court did not abuse the discretion granted it under R.C. 2151.353 in permanently committing Kenneth and Michael Covin to the care and custody of the welfare department. The assignment is overruled.

The judgment of the trial court is affirmed.

*Judgment affirmed.*

SHANNON, P.J., KEEFE and BLACK, JJ., concur.