OPINION
Appellant, Vicki Templeton, appeals the decision of the Brown County Court of Common Pleas granting permanent custody of her minor children to the Brown County Department of Human Services ("BCDHS"). We affirm the decision of the trial court.
Appellant is the biological mother of Nathan Templeton (age ten) and Casey Templeton (age eight). The father of the children is deceased. BCDHS became involved with the children on May 15, 1998 after receiving a complaint that appellant failed to pick up her children from school. BCDHS placed the children in foster care and attempted to locate appellant. When a caseworker found appellant that night, she learned appellant had been drinking with friends in Kentucky. Appellant initially explained to the caseworker that a boyfriend was supposed to pick up the children, but then she admitted "that she just plain goofed."
At a hearing held on August 10, 1998, the trial court adjudicated Nathan and Casey as dependent and neglected. Appellant was not present because she was in jail in Indianapolis, Indiana, where, according to the record, she had been arrested and charged with "assisting a criminal."
The trial court adopted a case plan created by BCDHS in an attempt to reunify appellant with her children. Under the terms of the case plan, appellant was required to complete a substance abuse assessment. Appellant was to participate in an intensive outpatient substance abuse treatment program and, if that was not successful, she was to complete an inpatient treatment program. Appellant was also supposed to have regular visitation with the children.
Appellant failed to comply with the court-adopted case plan. Although appellant completed the substance abuse assessment, she failed to complete either an inpatient or outpatient substance abuse treatment program. BCDHS and appellant agreed to amend appellant's case plan. According to the amended plan, appellant agreed to enter an inpatient drug treatment program, complete a psychological evaluation, attend parenting classes and provide safe, suitable housing for the children.
Appellant was discharged from the inpatient drug treatment program prior to completion because of "inappropriate behavior" with a minor. Nonetheless, BCDHS attempted to assist appellant in finding another treatment program. Appellant did not enroll in any other inpatient drug treatment program, but she did participate in an outpatient program. Appellant did not keep appointments for a psychological evaluation. She did not attend all of her scheduled visitations with her children. BCDHS lost contact with appellant, and later discovered she was in prison.
On June 5, 2000, the trial court granted permanent custody of Nathan and Casey to BCDHS. Appellant appeals this decision of the trial court and raises one assignment of error:
 THE TRIAL COURT ERRED IN AWARDING THE BROWN COUNTY DEPARTMENT OF HUMAN SERVICES THE PERMANENT CUSTODY OF VICKIE [sic] TEMPLETON'S TWO CHILDREN WITH OUT [sic] REQUIRING THE STATE TO PRODUCE CLEAR AND CONVINCING EVIDENCE THAT SAID PERMANENT CUSTODY WAS IN THE BEST INTEREST OF THE CHILDREN AND THE CHILDREN COULD NOT BE PLACED WITH THEIR MOTHER WITHIN A REASONABLE TIME OR SHOULD NOT BE PLACED WITH HER.
In her assignment of error, appellant argues that the trial court failed to find by clear and convincing evidence that it was in the best interest of Nathan and Casey to grant permanent custody of them to BCDHS. Appellant also appears to challenge the trial court's judgment entry on the grounds that it failed to support its conclusions with adequate findings of fact from the record.
Natural parents have a constitutionally protected liberty interest in the care and custody of their children. Santosky v. Kramer (1982),455 U.S. 745, 102 S.Ct. 1388. A motion by the state to terminate parental rights "seeks not merely to infringe that fundamental liberty interest, but to end it." Id. at 759, 102 S.Ct. at 1397. In order to satisfy due process, the state is required to prove by clear and convincing evidence that the statutory standards have been met. Id. at 769, 102 S.Ct. at 1403. "Clear and convincing evidence" requires that the proof "produced in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." Cross v. Ledford
(1954), 161 Ohio St. 469, paragraph three of the syllabus.
A reviewing court will not reverse a finding by a trial court that the evidence was clear and convincing unless there is a sufficient conflict in the evidence presented. Id. at 479. When deciding a permanent custody case, the trial court is required to make specific statutory findings; the reviewing court must determine whether the trial court either followed the statutory factors in making its decision or abused its discretion by deviating from the statutory factors. See In reWilliam S. (1996), 75 Ohio St.3d 95.
A trial court may not award permanent custody of a child to a state agency unless the agency satisfies two statutory factors. First, the agency must demonstrate that an award of permanent custody is in the best interest of the child. R.C. 2151.414(B)(2). Second, the agency must show that the child cannot be placed with one of the child's parents within a reasonable time or should not be placed with either parent.Id.
When determining whether it would be in the best interest of the child to grant permanent custody of the child to an agency, a juvenile court should consider all relevant factors, which include but are not limited to the following:
 (1) The interaction and interrelationship of the child with the child's parents, siblings, relatives, foster parents and out-of-home providers, and any other person who may significantly affect the child;
 (2) The wishes of the child, as expressed directly by the child or through the child's guardian ad litem, with due regard for the maturity of the child;
 (3) The custodial history of the child, including whether the child has been in the temporary custody of one or more public children services agencies or private child placing agencies for twelve or more months of a consecutive twenty-two month period ending on or after March 18, 1999;
 (4) The child's need for a legally secure permanent placement and whether that type of placement can be achieved without a grant of permanent custody to the agency;
 (5) Whether any of the factors in divisions (E)(7) to (11) of this section apply in relation to the parents and child.
R.C. 2151.414(D).
With respect to the determination of whether a child cannot be placed with either parent within a reasonable time, or should not be placed with his parents, the factors to be considered pursuant to R.C. 2151.414(E) include the following:
 (1) Following the placement of the child outside the child's home and notwithstanding reasonable case planning and diligent efforts by the agency to assist the parents to remedy the problems that initially caused the child to be placed outside the home, the parent has failed continuously and repeatedly to substantially remedy the conditions causing the child to be placed outside the child's home. In determining whether the parents have substantially remedied those conditions, the court shall consider parental utilization of medical, psychiatric, psychological, and other social and rehabilitative services and material resources that were made available to the parents for the purpose of changing parental conduct to allow them to resume and maintain parental duties.
* * *
 (4) The parent has demonstrated a lack of commitment toward the child by failing to regularly support, visit, or communicate with the child when able to do so, or by other actions showing an unwillingness to provide an adequate permanent home for the child;
* * *
 (8) The parent has repeatedly withheld medical treatment or food from the child when the parent has the means to provide the treatment or food, and, in the case of withheld medical treatment, the parent withheld it for a purpose other than to treat the physical or mental illness or defect of the child by spiritual means through prayer alone in accordance with the tenets of a recognized religious body.
* * *
 (13) The parent is repeatedly incarcerated, and the repeated incarceration prevents the parent from providing care for the child.
 (14) The parent for any reason is unwilling to provide food, clothing, shelter, and other basic necessities for the child or to prevent the child from suffering physical, emotional, or sexual abuse or physical, emotional, or mental neglect.
* * *
(16) Any other factor the court considers relevant.
When making its determination, the trial court must consider all relevant evidence. R.C. 2151.414(E). If the trial court finds that any factor enumerated in R.C. 2151.414(E) is present, the trial court must find that the child cannot or should not be placed with the parent. Id.
In this case, the trial court made the following determinations:
 The Court finds by clear and convincing evidence that the children cannot be placed with either parent within a reasonable time and that the children should not be placed with either parent; that the children's continued residence or return to the home would be contrary to the children's best interests and welfare; and that it is in the best interest of the children to permanently commit the children to Brown County Department of Human Services.
 The Court further finds that reasonable efforts were made to prevent the need for placement and or [sic] make it possible for the children to return home. The Court finds that the psychological and emotional makeup of the parents prevents the formulation of a course of treatment that would permit the return of the children within a reasonable time.
The record supports the findings of the trial court. Both Nathan and Casey had been in the temporary custody of BCDHS for nearly twenty-two months, living with foster families. Appellant was absent from the hearing at which the trial court adjudicated the children as dependent and neglected because she was in jail awaiting trial for a drug trafficking charge in Clermont County. Appellant had also just received a sentence of two years of probation for carrying a concealed weapon. When the trial court held the permanent custody hearing, appellant was incarcerated for violating the terms of her probation.
Even though BCDHS developed and modified case plans to help reunite her with Nathan and Casey, appellant failed to completely abide by them. Appellant missed regularly scheduled visitations with her children, possibly due to her imprisonment. For several months, appellant "disappeared" and failed to notify BCDHS of her whereabouts. According to the testimony of social workers, relatives had sexually abused both children while in appellant's care and they need a stable, secure environment. However, appellant has never obtained a permanent job or place to live. She never fully completed any substance abuse program. Thus, appellant never resolved the issues that led to granting of temporary custody of her children to BCDHS.
Appellant appears to challenge the specificity of the trial court's judgment entry. Appellant maintains that there is nothing in the entry that indicates which statutory factors, if any, the trial court relied upon in determining that it would be in children's best interest to grant permanent custody of then to BCDHS.
A trial court does not have to set forth the specific factual findings that correlate to the factors in R.C. 2151.414(D) unless a party requests findings of fact and conclusions of law. In re Meyer (1994),98 Ohio App.3d 189, 195; In re Covin (1982), 8 Ohio App.3d 139, 141. R.C. 2151.414(C) requires the trial court to file a written opinion setting forth its findings of fact and conclusions of law "upon the request of any party." Appellant made no such request.
Our review of the record indicates that the trial court considered the relevant statutory criteria and made the appropriate findings pursuant to R.C. 2151.414(B)(2) prior to granting permanent custody of Nathan and Casey to BCDHS. The findings are supported by clear and convincing evidence. Accordingly, appellant's assignment of error is overruled.
Judgment affirmed.
 __________ POWELL, J.
YOUNG, P.J., and VALEN, J., concur.