OPINION
This timely appeal arises from the decision of the Columbiana County Court of Common Pleas, Juvenile Division, terminating the parental rights of Appellant Laura Kashdan regarding her minor children Dillon, Ronald and River Stephens. For the following reasons, we must reverse the judgment of the trial court and this cause is remanded.
On July 19, 1999, Appellee, Columbiana County Department of Human Services, filed complaints for permanent custody of the children. Appellant was sent a copy of the complaint with an explanation of the consequences of the proceedings by certified mail. Ronald Stephens, Sr., father of the children, was served notice with the same explanation by publication. A pre-trial hearing was held on August 30, 1999. Appellant appeared at this hearing with counsel but Ronald Stephens, Sr., failed to appear. A merit hearing was held on October 27, 1999. Appellant again appeared with counsel and presented evidence. Ronald Stephens, Sr., again failed to appear. On November 15, 1999, the trial court filed findings of fact and conclusions of law and terminated Appellant's parental rights.
Appellant filed her notice of appeal on December 13, 1999. Appellant asserts as her sole assignment of error:
 "THE JUDGMENT OF THE TRIAL COURT IS VOID IN THAT THE COURT FAILED TO ACQUIRE JURISDICTION OVER APPELLANTS FOR THE PURPOSE OF TERMINATING THEIR PARENTAL RIGHTS WITH RESPECT TO DILLON STEPHENS, RONALD STEPHENS, AND RIVER STEPHENS."
Appellant argues that there is no indication on the record that she was served with notice of the complaints for permanent custody and termination of parental rights. Appellant states that in permanent custody proceedings, when service of process upon a parent is defective, the juvenile court fails to acquire jurisdiction over that parent as required in order to terminate the parent's parental rights with respect to his or her children. According to Appellant, "[t]he jurisdiction of the juvenile court does not attach until notice of the proceedings has been provided to the parties. Absent notice, the judgment of the court is void." Appellant cites to In Re Miller (1986), 33 Ohio App.3d 224,225-226. Appellant concludes that as she and the father of her children were never served a summons on the complaint, the judgement of the trial court is invalid. Based on the record and the caselaw we hold Appellant is partially correct and that this argument has merit.
The Ohio Supreme Court has stated:
 "* * * the filing of a complaint containing a prayer requesting permanent custody, sufficiently apprising the parents of the grounds upon which the order is to be based, and the service of summons upon the parents, explaining that the granting of such an order permanently divests them of their parental rights, are prerequisite to a valid adjudication that a child is neglected or dependent for the purpose of obtaining an order for permanent custody divesting parental rights."
 In Re Fassinger (1975), 42 Ohio St.2d 505, 508.
This requirement is codified in R.C. § 2151.414(A)(1), which reads in pertinent part:
 "Upon the filing of a motion pursuant to section 2151.413
of the Revised Code for permanent custody of a child, the court shall schedule a hearing and give notice of the filing of the motion and of the hearing, in accordance with section 2151.29 of the Revised Code, to all parties to the action and to the child's guardian ad litem. The notice also shall contain a full explanation that the granting of permanent custody permanently divests the parents of their parental rights, a full explanation of their right to be represented by counsel and to have counsel appointed pursuant to Chapter 120. of the Revised Code if they are indigent, and the name and telephone number of the court employee designated by the court pursuant to section 2151.314 of the Revised Code to arrange for the prompt appointment of counsel for indigent persons."
R.C. § 2151.29 provides in relevant part that:
 "Service of summons, notices, and subpoenas * * * shall be made by delivering a copy to the person summoned, notified, or subpoenaed, or by leaving a copy at his usual place of residence. If the juvenile judge is satisfied that such service is impracticable, he may order service by registered or certified mail. If the person to be served is without the state but he can be found or his address is known, or his whereabouts or address can with reasonable diligence be ascertained, service of the summons may be made by delivering a copy to him personally or mailing a copy to him by registered or certified mail.
"Whenever it appears by affidavit that after reasonable effort the person to be served with summons cannot be found or his post-office address ascertained, whether he is within or without a state, the clerk shall publish such summons once in a newspaper of general circulation throughout the county. The summons shall state the substance and the time and place of the hearing, which shall be held at least one week later than the date of the publication. A copy of the summons and the complaint shall be sent by registered or certified mail to the last known address of the person summoned unless it is shown by affidavit that a reasonable effort has been made, without success, to obtain such address."
With respect to Appellant, the trial court record contains a "[s]ervice of notice by certified mail" which indicates that it was mailed to Appellant on July 26, 1999. That notice contains the time of the scheduled hearing and informs Appellant of her right to counsel if indigent and of the name of the person to contact in that situation. The notice also contains a statement that the proceedings could permanently divest Appellant of her parental rights. In addition, the record contains a United States Postal Service Return Receipt signed by Appellant, indicating her receipt of the notice on July 31, 1999. Accordingly, Appellant was properly served with notice of the permanent custody hearing.
Notwithstanding that Appellant had proper notice, her argument as to her own notice fails for other reasons. The First District Court of Appeals has held that in spite of lack of statutory notice, jurisdiction vests when an appellant had actual notice of the proceedings that would terminate custody. In Re Webb, (1989), 64 Ohio App.3d 280, dismissed for lack of substantial constitutional question, jurisdictional motions overruled, 48 Ohio St.3d 704. The First District was cognizant of the holding in Fassinger, supra, and agreed that a parent must have notice of a hearing to terminate parental rights and to determine permanent custody. In Re Webb, 285. The Webb court focused on Fassinger's rationale that, "* * * to deprive parents of permanent custody of their children, without proper notice, summons, and hearing, would be `manifestly unfair.'" In Re Webb, 284, citing In Re Fassinger, 508. The Webb court found that actual notice to a parent satisfies the notice requirement. The court stated:
 "There is no question that appellant in the instant case had actual notice of the proceedings, appeared, defended, and was given a full opportunity to be heard. Appellant does not argue that he was unaware of the nature of the proceedings. Further, appellant was represented by counsel throughout the proceedings. * * * Because the record clearly demonstrates that appellant had actual notice of the proceedings, fully understood his rights and the nature of the proceedings, and participated throughout, the first assignment of error is overruled."
 In Re Webb, 284-285.
In the present matter, journal entries filed on September 9, 1999, and November 15, 1999, indicate that Appellant appeared with counsel at the pre-trial hearing as well as at the merit hearing where she presented evidence. Moreover, Appellant's counsel admitted at oral argument that Appellant did have actual notice of the proceedings. Therefore, as Appellant had actual notice of the hearings as evidenced by her counseled participation, she cannot claim to be prejudiced even if certified mail service was defective.
We note that Juv.R.22(D) provides that defenses and objections based on defects in the complaint must be heard prior to the adjudicatory hearing. In Re Shaeffer Children (1993), 85 Ohio App.3d 683, 688, jurisdictional motion overruled, 67 Ohio St.3d 1451 . In the matter before us, Appellant did not challenge the sufficiency of the complaint and notice in the trial court as to herself and thus, has waived any challenge on appeal.
With respect to Appellant's allegation that she was prejudiced by the trial court's failure to properly serve notice upon the father of her children, we note the recent decision of the Eighth District Court of Appeals, In Re Call (April 12, 2001), Cuyahoga App. No. 78376, unreported. In that appeal of a permanent custody order, the father challenged the validity of the order, claiming defective service. Service by publication was attempted upon the mother who was not a party to the appeal. The court noted that Juv.R. 16(A) requires that to serve notice by publication, a party or his counsel must file an affidavit expressing that the other party's residence is unknown and cannot be ascertained with reasonable diligence. In Re Call, *2. The court also noted that the rule requires the publication to contain the name of the first party on each side and the last known address, if any, of the person or persons whose residence is unknown before service by publication can be made. Id. The court held that the Juv.R. 16(A) requirements for service by publication are mandatory and must be strictly construed. Id., *3, citing In ReMiller, supra, 226. Pursuant to this mandate, the Call court found that service by publication upon the mother was defective as the record did not contain an appropriate affidavit and that the publication did not contain the mother's last known address. In Re Call, *3. As such, the court determined that the award of permanent custody was void against the mother. Id., *4.
The Call court next considered whether the appellant father was prejudiced by the defective service upon the mother. The court noted that an appealing party may allege error committed against a party who has not filed an appeal where the error is prejudicial to the rights of the appellant. Id., *4, citing In Re Hitchcock (1996), 120 Ohio App.3d 88,99-100. The court stated:
 "A complaint for permanent custody leads to an adversarial proceeding which can deprive parents of all rights in their children. In re Miller, supra, at 190. To grant permanent custody, the court is required to find that the child cannot be returned to either parent. See R.C. 2151.414(E). Where one parent is unable to defend against this challenge, prejudice to the other party is inherent. In re Sky Jones (Nov. 22, 2000), Cuyahoga App. No. 76533, unreported. Specifically, in In re Sky Jones, this court held that a parent's potential retention of parental rights are prejudiced where the court fails to secure proper service and consider the other parent's defenses to the termination of parental rights. Here the termination of Mr. Call's parental rights, made without a full adjudication of whether the child could be placed in the mother's potential custody, is inherently prejudicial to Mr. Call. As such, he may challenge the error committed against Mrs. Call and has standing to challenge the termination of his parental rights as void for failure of service upon Mrs. Call."
 In Re Call, *4. Thus, the court vacated the award of permanent custody to Cuyahoga County Department of Children and Family Services and remanded the matter.
In the matter before us, the record contains no affidavit pursuant to Juv.R. 16(A) indicating that the residence of Ronald Stephens, Sr., is unknown and cannot be ascertained with reasonable diligence. Pursuant toIn Re Call, Ronald Stephens, Sr. did not receive proper notice and the award of permanent custody is void against him. Also pursuant to In ReCall, Appellant was prejudiced by the defective service upon the father of her children, as the trial court did not consider whether the children could have been placed in his custody. Accordingly, the judgment of the trial court must be reversed and this cause is remanded to the trial court for further proceedings according to law and consistent with this Court's opinion.
HON. CHERYL L. WAITE, HON. JOSEPH J. VUKOVICH, and HON. GENE DONOFRIO.