OPINION
This timely appeal arises from the decision of the Columbiana County Court of Common Pleas, Juvenile Division, to terminate the parental rights of Appellants Mervin and Ruth Lehman regarding their minor children, Barbara and Mary Lehman. For the following reasons, we affirm the judgment of the trial court.
This matter was certified to the Columbiana County Juvenile Court from the Stark County Family Court in May, 1994. The Stark County Family Court had placed the children in foster care although their mother retained custody of them. After the case was transferred to Columbiana County Juvenile Court, Appellant Mervin Lehman was found in contempt of a no-contact order. On the state's motion, the children were placed in the custody of Raymond and Joyce Smalley with protective supervision. Mervin's no-contact order was to continue. The trial court later granted permanent custody to the Smalleys and lifted the protective supervision order; this Court affirmed that judgment in In the Matter of ElizabethPaxon, Barbara Lehman and Mary Lehman (Jan. 15, 1998), Columbiana App. No. 96-CO-83, unreported, which also involved Ruth's now-emancipated daughter.
On September 29, 1998, the trial court reviewed the matter in light of the separation of the Smalleys and their substandard living conditions. The court again ordered protective supervision. On October 2, 1998, the guardian ad litem for the children filed a complaint alleging the dependency of both girls and requesting that Appellee, Columbiana County Department of Human Services, be granted permanent custody. The complaints were captioned J16789-2 and J16790-2. On October 29, 1998, the trial court accepted the stipulation that the girls were dependent.
On November 18, 1998, Appellee filed new complaints alleging that Mary was an abused child and that Barbara was dependent. The proceedings stemming from these complaints, captioned as J17689-3 and J16790-3, are the sole concern of this appeal. Appellee requested permanent custody and was granted temporary custody of the girls by ex parte order. On November 24, 1998, the trial court upheld that decision following a hearing with all relevant parties present. On December 18, 1998, it was stipulated that Mary was an abused child and that Barbara was a dependent child. On April 9, 1999, a merit hearing on the question of permanent custody was held regarding the November 18, 1998, complaints. In a journal entry filed on April 28, 1999, the trial court terminated the parental rights of Mervin and Ruth Lehman and placed Barbara and Mary in the permanent custody of Appellee. Appellants filed their timely notice of appeal on May 11, 1999.
Appellants' first assignment of error alleges:
 "THE JUDGMENT OF THE TRIAL COURT IS VOID IN THAT THE COURT FAILED TO ACQUIRE JURISDICTION OVER APPELLANTS FOR THE PURPOSE OF TERMINATING THEIR PARENTAL RIGHTS WITH RESPECT TO MARY AND BARBARA LEHMAN."
Appellants argue that they did not receive service of the complaint for permanent custody and termination of parental rights. Appellants note that they raised this issue before the trial court with an oral motion to dismiss but that their motion was denied. (Tr. pp. 15-16, 21).
Appellants argue that, "[t]he jurisdiction of the juvenile court does not attach until notice of the proceedings has been provided to the parties. Absent notice, the judgment of the court is void." In re Miller
(1986), 33 Ohio App.3d 224, 225-226. Appellants assert that they were never served with a complaint and therefore the judgment of the trial court is void. Based on the record herein and the relevant law, we hold that Appellants' argument lacks merit.
We first note our concern that the issue before us has been raised in several other appeals of this nature indicating the possibility that the trial court and the clerk may need to review their procedures in these matters. A complaint for permanent custody and termination of parental rights is a new complaint, not merely a new motion in an ongoing open matter. Nevertheless, the record reflects that service here was proper.
The Ohio Supreme Court has stated:
 "* * * the filing of a complaint containing a prayer requesting permanent custody, sufficiently apprising the parents of the grounds upon which the order is to be based, and the service of summons upon the parents, explaining that the granting of such an order permanently divests them of their parental rights, are prerequisite to a valid adjudication that a child is neglected or dependent for the purpose of obtaining an order for permanent custody divesting parental rights."
 In Re Fassinger (1975), 42 Ohio St.2d 505, 508.
This requirement is codified in R.C. § 2151.414(A)(1) which reads in pertinent part:
 "Upon the filing of a motion pursuant to section 2151.413
of the Revised Code for permanent custody of a child, the court shall schedule a hearing and give notice of the filing of the motion and of the hearing, in accordance with section 2151.29 of the Revised Code, to all parties to the action and to the child's guardian ad litem. The notice also shall contain a full explanation that the granting of permanent custody permanently divests the parents of their parental rights, a full explanation of their right to be represented by counsel and to have counsel appointed pursuant to Chapter 120. of the Revised Code if they are indigent, and the name and telephone number of the court employee designated by the court pursuant to section 2151.314 of the Revised Code to arrange for the prompt appointment of counsel for indigent persons."
R.C. § 2151.29 provides in relevant part that, "[s]ervice of summons, notices, and subpoenas, prescribed by section 2151.28 of the Revised Code, shall be made by delivering a copy to the person summoned, notified, or subpoenaed, or by leaving a copy at his usual place of residence."
In the present matter, nothing on the record indicates that the trial court notified Appellants pursuant to R.C. § 2151.414. However, the First District Court of Appeals has held that in spite of lack of statutory notice, notice is sufficient where the parent had actual notice of the custody termination proceedings. In Re Webb, (1989),64 Ohio App.3d 280, dismissed for lack of substantial constitutional question, jurisdictional motions overruled 48 Ohio St.3d 704. The Webb
court was cognizant of the holding in Fassinger, supra, and agreed that a parent must have notice of a hearing to terminate parental rights and to determine permanent custody. In Re Webb, 285. The Webb court focused on the Fassinger court's rationale that, "* * * to deprive parents of permanent custody of their children, without proper notice, summons, and hearing, would be `manifestly unfair.'" In Re Webb, 284, citing In ReFassinger, 508. The Webb court found actual notice to a parent satisfied the notice requirement. The court stated:
 "There is no question that appellant in the instant case had actual notice of the proceedings, appeared, defended, and was given a full opportunity to be heard. Appellant does not argue that he was unaware of the nature of the proceedings. Further, appellant was represented by counsel throughout the proceedings. * * * Because the record clearly demonstrates that appellant had actual notice of the proceedings, fully understood his rights and the nature of the proceedings, and participated throughout, the first assignment of error is overruled."
 In Re Webb, 284-285.
In the matter before us, Appellants appeared with counsel at all hearings regarding the relevant complaints for permanent custody. Appellants were present at a probable cause hearing on November 19, 1998, when they were appointed counsel and received notice of a subsequent adjudicatory hearing. (Journal Entry, Nov. 24, 1998). Appellants appeared with counsel at the adjudicatory hearing on December 15, 1998, where they stipulated that Mary was an abused child and that Barbara was a dependent child and where they received notice of the subsequent final disposition hearing. (Journal Entry, Dec. 18, 1998). Appellants were present at February 9, 1999, preliminary hearing where the court set the matters for further pre-trial for a merit hearing. (Journal Entry, Feb. 12, 1999). Appellants were present with counsel at the pre-trial hearing on March 9, 1999. (Journal Entry, March 17, 1999). And, Appellants were present with counsel at the merit hearing held on April 8, 1999. (Journal Entry, April 8, 1999).
In adopting the rationale of In Re Webb, supra, we are mindful that, "[t]he sections of the Ohio Revised Code that govern custody matters are to be liberally construed to provide for the care, protection, and mental and physical development of children * * *." In Re Wise (1994),96 Ohio App.3d 619, 624 citing In Re Cunningham (1979), 59 Ohio St.2d 100,105.
We also note that Juv.R.22(D) provides that defenses and objections based on defects in the complaint must be heard prior to the adjudicatory hearing. In Re Shaeffer Children (1993), 85 Ohio App.3d 683, 688, jurisdictional motion overruled 67 Ohio St.3d 1451 . In the present instance, Appellants did not challenge the sufficiency of the complaint and notice until after their children were adjudicated, one as an abused child and the other as a dependent child. R.C. § 2151.414 clearly distinguishes between the adjudicatory proceedings and the final termination of parental rights:
 "The court shall conduct a hearing in accordance with section 2151.35 of the Revised Code to determine if it is in the best interest of the child to permanently terminate parental rights and grant permanent custody to the agency that filed the motion. The adjudication that the child is an abused, neglected, or dependent child and any dispositional order that has been issued in the case under section 2151.353 of the Revised Code pursuant to the adjudication shall not be re-adjudicated at the hearing and shall not be affected by a denial of the motion for permanent custody."
R.C. § 2151.414(A)(1)
For all the foregoing reasons, we overrule Appellants' first assignment of error.
Appellants' second assignment of error alleges:
 "THE FINDING BY THE COURT THAT PERMANENT CUSTODY SHOULD BE GRANTED TO THE DEPARTMENT AND THE PARENTAL RIGHTS OF THE APPELLANTS TERMINATED IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE AND THE CLEAR MANDATES OF R.C. SECTION 2151.414."
Appellants advance the argument that R.C. § 2151.414(D) requires, in determining the best interest of a child in a permanent custody hearing, that the court shall consider all relevant factors including, but not limited to:
 "(1) The interaction and interrelationship of the child with the child's parents, siblings, relatives, foster parents and out-of-home providers, and any other person who may significantly affect the child;
 "(2) The wishes of the child, as expressed directly by the child or through the child's guardian ad litem, with due regard for the maturity of the child;
 "(3) The custodial history of the child, including whether the child has been in the temporary custody of one or more public children services agencies or private child placing agencies for twelve or more months of a consecutive twenty-two month period ending on or after March 18, 1999; [and,]
 "(4) The child's need for a legally secure permanent placement and whether that type of placement can be achieved without a grant of permanent custody to the agency * * *"
Appellants assert that the first two factors weigh in their favor as they have maintained a relationship with their children while they were in Appellee's custody and because at least one of the children was sexually abused while in foster care. Moreover, Appellants assert that the children have made it clear that they wish to be reunited with their parents. With respect to the third factor, Appellants state that they have a better record as care-givers than does Appellee, who placed the children in a foster care situation where one was sexually abused. Finally, with respect to the fourth factor, Appellants assert that Appellee's stated goal for the children was adoption. Appellants argue that due to their ages and the bond between them, as well as their emotional problems, adoption is highly unlikely; implying that Appellee cannot achieve its goal by gaining custody. Again, however, based on the record here, this assignment of error lacks merit.
When reviewing the decision to grant permanent custody to a state agency, an appellate court must determine whether the lower court complied with the statutory requirements of R.C. §§ 2151.353 and .414 and whether there was sufficient evidence to support a finding by clear and convincing evidence that one or more of the factors listed in R.C. § 2151.414(E) exist. In Re Dylan C. (1997), 121 Ohio App.3d 115,121. Permanent custody may not be granted unless the trial court finds clear and convincing evidence that one or more of the eight enumerated factors in this section exist. Id. citing In re William S. (1996)75 Ohio St.3d 95, 101. Clear and convincing evidence is that level of proof which would cause the trier of fact to develop a firm belief or conviction as to the facts sought to be proven. In Re Dylan C., 121 citing Cross v. Ledford (1954), 161 Ohio St. 469, paragraph three of the syllabus. While the trial court must consider the best interests of the child by examining the factors listed in R.C. § 2151.414(D)(1) through (5), an appellate court will not reverse a trial court's determination concerning parental rights and child custody unless the determination is not supported by evidence which meets the clear and convincing standard of proof. In Re Dylan C., 121 citing In re Adoptionof Holcomb (1985), 18 Ohio St.3d 361.
In the present case, the record reflects that there was evidence before the trial court to support the finding that it was in the best interest of the children to grant permanent custody to Appellee. A social worker testified that Appellants failed to comply with an established case plan which included addressing issues of sexual abuse with counseling and parenting classes. Appellants failed to address poor housing conditions and poor hygiene. (Tr. pp. 185, 202, 208). There was testimony that Ruth stated that she did not want to attend counseling because her children did not need it. (Tr. 41). Ruth actually testified that she did not believe her daughter was sexually abused and "disagreed" with counseling sessions. (Tr. p. 252). There was testimony that Appellants lived in deplorable conditions, where the floor was littered with dirty clothes, garbage and animal urine and feces. (Tr. pp. 47, 83, 187). Morever, the children were filthy when attending school, covered in animal feces and urine. (Tr. pp. 47, 187, 205).
There was also testimony that Appellants demonstrated a lack of commitment by failing to regularly visit their children once they were removed from Appellants' home. (Tr. p. 38, 139, 191, 221-222). Visitation was described as, "* * * just recently sporadic * * * [with] long periods of time where visitation did not occur." (Tr. p. 38). There was testimony that the lack of visitation had a visible impact on the children, forcing them to "cope with disappointment." (Tr. p. 120).
The record also includes evidence that could cause the trial court to develop a firm belief that one or more of the factors found in R.C. § 2151.414(E) were proven. Relevant to this appeal, R.C. §2151.414(E) provides the following:
 "(1) Following the placement of the child outside the child's home and notwithstanding reasonable case planning and diligent efforts by the agency to assist the parents to remedy the problems that initially caused the child to be placed outside the home, the parent has failed continuously and repeatedly to substantially remedy the conditions causing the child to be placed outside the child's home. In determining whether the parents have substantially remedied those conditions, the court shall consider parental utilization of medical, psychiatric, psychological, and other social and rehabilitative services and material resources that were made available to the parents for the purpose of changing parental conduct to allow them to resume and maintain parental duties.
 "(4) The parent has demonstrated a lack of commitment toward the child by failing to regularly support, visit, or communicate with the child when able to do so, or by other actions showing an unwillingness to provide an adequate permanent home for the child;
 "(9) The parent has placed the child at substantial risk of harm two or more times due to alcohol or drug abuse and has rejected treatment two or more times or refused to participate in further treatment two or more times after a case plan issued pursuant to section 2151.412 of the Revised Code requiring treatment of the parent was journalized as part of a dispositional order issued with respect to the child or an order was issued by any other court requiring treatment of the parent."
As we have already stated, there was evidence that Appellants failed to comply with the established case plan designed to remedy the conditions which were the basis for removing the children. There was also evidence that Appellants lacked a commitment to visit with their children and failed to provide them with basic necessities, such as a healthy living environment. Conversely, there was very little evidence of record to support the Appellants.
For all the foregoing reasons, we overrule Appellants' second assignment of error. Accordingly, we affirm the judgment of the trial court.
HON. CHERYL L. WAITE, HON. JOSEPH J. VUKOVICH, and HON. GENE DONOFRIO.