**In re SMITH.**

[Cite as *In re Smith* (1990), 64 Ohio App.3d 773.]

Court of Appeals of Ohio,
Lucas County.

No. L–89–112.

Decided Jan. 26, 1990.

See also 61 Ohio App.3d 788, 573 N.E.2d 1170.

774

*Paula S. Crandall,* for appellees.

*Patricia Clark* and *Barbara Petersen,* Assistant Prosecuting Attorney, for appellant Lucas County Children Services Board.

*Susan Porz,* guardian *ad litem.*

---

GLASSER, Judge.

This matter is before the court on appeal from a judgment of the Lucas County Court of Common Pleas, Juvenile Division.

A brief procedural history of this case is presented in order to facilitate a better understanding of the issues currently before this court. On February 3, 1988, the Ottawa County Department of Human Services ("OCDHS") filed a complaint in neglect and dependency in the Ottawa County Court of Common Pleas, Juvenile Division ("Ottawa County Court"). The complaint requested that permanent custody of Richard, Ward, Jr., Forrest, Dawn, Maurice and Ronald Smith ("the Smith children") be awarded to OCDHS. Also on February 3, 1988, a motion for emergency temporary custody of the Smith children was filed on behalf of OCDHS by the Ottawa County Prosecutor. On February 4, 1988, the Ottawa County court awarded emergency custody of the Smith children to OCDHS. In a judgment entry dated February 11, 1988, the emergency order was continued.

Following an adjudicatory hearing conducted by the Ottawa court pursuant to Juv.R. 29, the Smith children were found to be neglected and dependent. In its August 18, 1988 judgment entry, the Ottawa County court also stated:

"This matter is ordered transferred to the Lucas County Juvenile Court for dispositional hearing because the parents currently reside in Lucas County. * * * Pending further order, the children shall remain in the temporary custody of the Ottawa County Department of Human Services."

Appellant objected to the transfer stating that the case should remain in Ottawa County. The matter was heard by a referee in the Lucas County Court of Common Pleas, Juvenile Division ("Lucas County Court"). In a report filed December 21, 1988, the referee recommended that transfer be accepted by the Lucas County court. Appellant filed objections to the report. Following a January 3, 1989 hearing on the objections, the Lucas County court overruled the referee and refused to accept the case. Appellees, Ward, Sr. and Vicki Smith, parents of the Smith children, filed a motion for reconsideration of the January 3, 1989 decision. After a hearing, conducted February 22, 1989, the following judgment was entered:

"It is therefore ORDERED, ADJUDGED AND DECREED that Lucas County Juvenile Court accepts [*sic*] transfer. Temporary Custody of Richard,

Ward, Forrest, Dawn, Maurice and Ronald Smith is awarded to the Lucas County Children Services Board pending final dispositional hearing."

It is from this order that appellant filed a timely notice of appeal.[1] Appellant asserts that the transfer to Lucas County was improper and has set forth the following four assignments of error:

"I. Lucas County Juvenile Court erred when it gave full faith and credit to an Ottawa County Juvenile Court transfer of *In re Smith,* because the Ottawa County court lacked statutory authority to issue the transfer.

"II. Ottawa County Juvenile Court and Lucas County Juvenile Court erred in their decision to hold the permanent custody hearing in Lucas County.

"III. The Lucas County Juvenile Court erred when it denied Lucas County Children Services Board procedural due process. O.C.D.H.S. is the 'real party in interest.'

"IV. The Lucas County Juvenile Court order awarding temporary custody to the Lucas County Children Services Board is null and void for the want of jurisdiction, and a denial of due process."

In its first assignment of error, appellant asserts that it was error for the Lucas County court to accept the case because Ottawa County lacked statutory authority to order the transfer. Maintaining that the actual residence of the Smith children is in dispute, appellant acknowledges that if the Ottawa County court had determined that the Smith children were residing in Lucas County at the time of the adjudicatory hearing, transfer would have been *optional* under Juv.R. 11.

In relevant part, Juv.R. 11 provides:

"(A) Residence in another county; transfer optional. If the child resides in a county of this state and the proceeding is commenced in a court of another county, that court, on its motion or a motion of a party, may transfer the proceeding to the county of the child's residence upon the filing of the complaint or after the adjudicatory or dispositional hearing for such further proceeding as required. The court of the child's residence shall then proceed as if the original complaint had been filed in that court. Transfer may also be made if the residence of the child changes."

Clearly, under the proper circumstances and at certain specified stages of the proceedings, Juv.R. 11 authorizes a court to transfer a case to another county. However, such transfer may only be " * * * to the county of the

---

**1.** This court has previously determined that the judgment entry ordering transfer was a final and appealable order. See *In re Smith* (1989), 61 Ohio App.3d 788, 573 N.E.2d 1170. See, also, *In re Smith* (July 10, 1989), Lucas App. No. L–89–112, unreported.

*child's* residence * * * " and the request for such transfer must be made " * * * upon the filing of the complaint or after the adjudicatory or dispositional hearing * * *." (Emphasis added.) Juv.R. 11(A).

In the case *sub judice,* the Ottawa County court stated:

"This matter is ordered transferred to the Lucas County Juvenile Court for dispositional hearing because the *parents* currently reside in Lucas County. * * * Pending further order, the *children* shall *remain* in the temporary custody of the *Ottawa County* Department of Human Services." (Emphasis added.)

R.C. 2151.06 sets forth the guidelines for determining a child's residence or legal settlement:

"Under sections 2151.01 to 2151.54, inclusive, of the Revised Code, a child has the same residence or legal settlement as his parents, legal guardian of his person, or his custodian who stands in the relation of loco parentis."

■ Notwithstanding appellees' argument that the residence of a minor child is the same of that of his parents, in this case, the Smith children had been in the legal custody of an Ottawa County-based agency since an emergency temporary custody order was issued February 4, 1988. Regardless of where appellees were residing at the time the order was issued, the *children* were residing in Ottawa County and, therefore, the permanent custody issue should have remained before the Ottawa County court.

For the aforestated reasons, we find appellant's first assignment of error well taken.

Appellant's three remaining assignments of error each illustrate what a procedural nightmare this matter has become. In its second assignment of error, appellant asserts that the Ottawa County court erred in transferring the case at this stage of the proceedings and that the Lucas County court erred by accepting it.

In the case *sub judice,* appellees admitted the allegations set forth by OCDHS in its permanent custody complaint. Upon such an admission, pursuant to Juv.R. 29(F)(2), the court had four options:

"(a) enter an adjudication and proceed forthwith to disposition; or

"(b) enter an adjudication and continue the matter for disposition for not more than six months and may make appropriate temporary orders; or

"(c) postpone judgment of adjudication for not more than six months; or

"(d) dismiss the complaint if such action is in the best interests of the child and the community * * *."

In this case, the Ottawa County court entered an adjudication, transferred the case to Lucas County and continued its temporary custody order. Although such order is not expressly authorized by Juv.R. 29(F), it appears to be appropriate under by Juv.R. 11. Juv.R. 11(A) provides that a court *"may* transfer the proceeding to the county of the child's residence upon the filing of the complaint *or after* the adjudicatory or dispositional hearing for such further proceeding as required." (Emphasis added.) Juv.R. 2(1) defines "adjudicatory hearing" as:

" * * * a hearing to determine whether a child is a juvenile traffic offender, delinquent, unruly, neglected, or dependent or otherwise within the jurisdiction of the court or whether temporary legal custody should be converted to permanent custody."

A "dispositional hearing" is:

" * * * a hearing to determine what action shall be taken concerning a child who is within the jurisdiction of the court." Juv.R. 2(8).

We note some confusion regarding the utilization of an adjudicatory hearing to determine " * * * whether temporary custody should be converted to permanent custody." Appellant appears to assert that the Ottawa County court proceedings remained in the adjudicatory phase because the court had not ruled upon the permanent custody complaint filed by OCDHS. We disagree.

Pursuant to an original complaint for permanent custody, the only matter to be determined at the adjudicatory hearing is whether, as in this case, a child is neglected or dependent. A determination of whether temporary custody should be converted to permanent custody would be appropriate for an adjudicatory hearing if, for example, upon a previous complaint requesting temporary custody, there had been a finding of dependency and neglect, an award of temporary custody and a subsequent motion requesting that such temporary custody be changed to permanent custody. This is especially true if the complaining party has instituted a family reunification plan which proves to be unsuccessful. In the case *sub judice*, we find that the Ottawa County court's order, continuing temporary custody, was entered at the *conclusion* of the adjudicatory phase of the proceeding and prior to the dispositional phase; therefore, it was not procedurally improper under Juv.R. 11.

Despite the fact that the Ottawa County court had the option, pursuant to Juv.R. 11, of transferring the case, we find that such transfer was inappropriate. An order of transfer may only be *to* the county of the *child's* residence. As previously set forth, at the time the adjudicatory hearing was

concluded, all of the *children* did not reside in Lucas County. Further, Juv.R. 34(B)(1) provides that "[t]he judge who presided at the adjudicatory hearing *shall,* if possible, preside * * *" at the dispositional hearing. (Emphasis added.) As stated in Juv.R. 1, the Juvenile Rules are constructed, in part, to secure simplicity and uniformity in procedure. We find that by stating that one judge should preside throughout the proceedings, the drafters were attempting to protect the rights of each person involved and to insure consistency and objectivity. Finally, we find that there has been no showing that it was "impossible" for the Ottawa County court to preside over the dispositional hearing. Accordingly, we hold that Ottawa County erred by transferring and Lucas County erred by accepting the instant case. For the aforestated reasons, we find appellant's second assignment of error well taken.

In its third assignment of error, appellant asserts that the order awarding custody of the children to appellant pending the final dispositional hearing should be overturned because appellant was denied procedural due process and was never formally joined as a party.

We find that appellant's argument is inconsistent with the content of the record and, therefore, is not persuasive. Although the record indicates that appellant did not receive a copy of the summons issued October 24, 1988 by the Lucas County court, appellant nevertheless appeared at the hearing before the Lucas County referee. The referee's report, recommending that Lucas County accept the case, was filed December 21, 1988, and appellant filed objections on December 28, 1988.

A hearing on appellant's objections was scheduled for January 3, 1989. Appellant appeared at the January 3 hearing and the referee's recommendations were overruled; however, appellees were not properly notified of the hearing and did not appear. Upon a motion for reconsideration filed by appellees, the matter of transfer was once again set for hearing. At the February 22, 1989 hearing, appellant appeared and voiced its objections to the transfer. Accordingly, despite the fact that the record supports appellant's argument that it was never formally notified of the transfer proceedings, appellant appeared and was given an opportunity to be heard at each proceeding before the Lucas County court.

Second, our analysis of the record indicates that the issue of notice is not properly before us because appellant failed to bring the claimed error " * * * to the attention of the trial court prior to or during the hearing[s], by objection, motion or otherwise * * *." *In re Bibb* (1980), 70 Ohio App.2d 117, 118, 24 O.O.3d 159, 160, 435 N.E.2d 96, 97, citing *Stores Realty Co. v. Cleveland* (1975), 41 Ohio St.2d 41, 70 O.O.2d 123, 322 N.E.2d 629. The sole

exception to this rule is plain error; however, the alleged error in the case *sub judice* does not rise to that level. Appellant appeared, through its attorney, at each of the hearings and was afforded several opportunities to fully express its position before the trial court.

Accordingly, we find appellant's third assignment of error not well taken.

In its fourth assignment of error, appellant urges us to find that the judgment entry awarding appellant temporary custody of the Smith children was null and void because the Lucas County court lacked subject matter jurisdiction to issue the order. Appellant asserts that the transfer order was invalid; therefore, any orders issued after the transfer order were void because Lucas County was without jurisdiction over the case.

In our discussion of appellant's first and second assignments of error, we held that the trial court's decisions ordering the transfer and accepting the case were erroneous under the facts and circumstances presented. However, we do not find that the transfer order issued by the Ottawa County court was "invalid" so as to automatically divest the transferee court of jurisdiction over the Smith children. Lucas County accepted the case, carefully following procedural guidelines, and thereafter proceeded to award temporary custody of the children to appellant pending a dispositional hearing. Merely because the decision to accept transfer was erroneous, each subsequent, collateral decision by the Lucas County Court is not rendered null and void. Accordingly, we find appellant's fourth assignment of error not well taken.

On consideration whereof, the court finds substantial justice has not been done the party complaining, and judgment of the Lucas County Court of Common Pleas, Juvenile Division, is reversed. This cause is remanded to said court for further proceedings not inconsistent with this decision. It is ordered that appellees pay the court costs of this appeal.

*Judgment reversed*
*and cause remanded.*

ABOOD, J., concurs.

Prior to his death, Judge JOHN J. CONNORS, JR. participated in the decision-making process of this case.