ORIGINAL ACTION JOURNAL ENTRY AND OPINION
{¶ 1} R.A. has filed a petition for a writ of habeas corpus. R.A. alleges that he has been unlawfully restrained of his liberty, since March 22, 2006, by confinement within the Cuyahoga County Juvenile Detention Center. Judge Joseph F. Russo and Len Munks, Superintendent of the Cuyahoga County Juvenile Detention Center, have filed a joint motion for summary judgment which we grant for the following reasons.
 {¶ 2} On March 10, 2006, R.A. was charged in Cuyahoga County Juvenile Court Case No. DL06101747, through a delinquency complaint, with one count of robbery (R.C. 2911.02(A)(2)), a felony of the second degree. Prior to assignment of the case to Judge John W. Gallagher, a magistrate of the Cuyahoga County Juvenile Court determined that R.A. should be placed in the Home Detention Program and that physical detention within the Cuyahoga County Juvenile Detention Center was not warranted. On March 13, 2006, an amended complaint was filed in the Cuyahoga County Juvenile Court which charged R.A. with aggravated robbery (R.C.2911.01(A)(1)), a felony of the first degree, and two firearm specifications (R.C. 2941.145). In addition, a Cuyahoga County Juvenile Court Mandatory Bindover Information determination, which listed R.A. as qualifying for mandatory bindover, was filed in the Cuyahoga County Juvenile Court and Judge Gallagher was assigned to preside over the pending delinquency action.
 {¶ 3} On March 20, 2006, the state of Ohio filed a "motion to vacate home detention order." Judge Gallagher was unavailable to hear the motion and Judge Russo issued a ruling which granted the motion to vacate home detention and further ordered that R.A. be remanded to the custody of the Cuyahoga County Detention Center pending further order of the court. On March 24, 2006, R.A. filed his petition for a writ of habeas corpus. On March 30, 2006, Judge Russo and Munks filed their joint motion for summary judgment.
 {¶ 4} R.A. argues that he has been unlawfully detained within the Cuyahoga County Detention Center. Specifically, R.A. argues that the order of March 20, 2006, which vacated home detention and further ordered incarceration, was improperly issued by Judge Russo.
 {¶ 5} Initially, we find that the petition for a writ of habeas corpus is procedurally defective and must be dismissed.
R.C. 2725.04 requires that petitions for habeas corpus be verified. The failure to verify the petition requires its dismissal. Chari v. Vore (2110), 91 Ohio St.3d 323,744 N.E.2d 763 and State ex rel. Crigger v. Ohio Adult Parole Authority
(1998), 82 Ohio St.3d 270, 695 N.E.2d 254.
In Vore the Supreme Court of Ohio was adamant thatunverified petitions for habeas corpus be dismissed; it reversedthe granting of relief in a habeas petition because it was notverified. Similarly, the relator failed to support his complaint with an affidavit specifying the details of the claim as required by Local Rule 45(B)(1)(a). State ex rel. Wilson v. Alabrese
(Jan. 18, 1996), Cuyahoga App. No. 70077, unreported and Stateex rel. Smith v. McMonagle (July 17, 1996), Cuyahoga App. No. 70899, unreported."(Emphasis added.)
State ex rel. Woods v. State (May 21, 2001), Cuyahoga App. No. 79577, at 2.
 {¶ 6} Herein, R.A. has not verified the petition for a writ of habeas corpus. It must also be noted that R.A. has failed to comply with the mandatory requirements of R.C. 2969.25(A). Any person that is incarcerated or held in detention, when filing a civil action against a government entity or employee, must also file an affidavit which contains a description of each civil action or appeal of a civil action that has been docketed in the previous five (5) years in either state or federal court. Stateex rel. Akbar-El v. Cuyahoga Cty. Court of Common Pleas,94 Ohio St.3d 210, 2002-Ohio-475, 761 N.E.2d 624; State ex rel.Sherrills v. Franklin Cty. Clerk of Courts, 92 Ohio St.3d 402,2001-Ohio-211, 750 N.E.2d 94.
 {¶ 7} Despite the aforesaid procedural defects, a substantive review of R.A.'s petition for a writ of habeas corpus fails to support the claim that he is being held unlawfully within the Cuyahoga County Detention Center. Habeas Corpus is not appropriate since R.A. possesses an adequate remedy in the ordinary course of the law.
[I]t is well established that habeas corpus, like the other extraordinary writ actions, is not available when there in an adequate remedy at law. In re Coleman, 95 Ohio St.3d 284,2002-Ohio-1804, 767 N.E.2d 677, citing Gaskins v. Shiplevy,76 Ohio St.3d 380, 383, 1996-Ohio-387, 667 N.E.2d 1194.
Boyd v. McGinty, Cuyahoga App. No. 84476, 2004-Ohio-2704, at ¶ 5.
 {¶ 8} Herein, R.A. possesses an adequate remedy at law with regard to the order of March 20, 2006, which vacated home detention and further ordered detention within the Cuyahoga County Detention Center. Juv. R. 7 provides in pertinent part that:
(A) Detention: standards
A child taken into custody shall not be placed in detention or shelter care prior to final disposition unless any of the following apply:
(1) Detention or shelter care is required;
(a) to protect the child from immediate or threatened physical harm; or
(b) to protect the person or property of others from immediate or threatened physical or emotional harm.
(2) The child may abscond or be removed from the jurisdiction of the court;
(3) The child has no parent, guardian, custodian or other person able to provide supervision and care for the child and return the child to the court when required;
(4) An order for placement of the child in detention or shelter care has been made by the court;
(5) Confinement is authorized by statute.
* * *
(G) Rehearing
If a parent, guardian, or custodian did not receive notice of the initial hearing and did not appear or waive appearance at the hearing, the court shall rehear the matter promptly. After achild is placed in shelter care or detention care, any party andthe guardian ad litem of the child may file a motion with thecourt requesting that the child be released from detention orshelter care. Upon the filing of the motion, the court shall hold a hearing within seventy-two hours. (Emphasis added).
The availability of a remedy in the ordinary course of the law, vis-a-vis a motion filed with the Cuyahoga County Juvenile Court which requests release from detention within the Cuyahoga County Detention Center, prevents this court from issuing a writ of habeas corpus on behalf of R.A. State ex rel. Fryerson v. Tate
(1999), 84 Ohio St.3d 481, 705 N.E.2d 353; State ex rel. Pirmanv. Money (1994), 69 Ohio St.3d 591, 635 N.E.2d 26.
 {¶ 9} It must also be noted that Judge Russo, as Administrative Judge for the Cuyahoga Juvenile Court, possessed the necessary authority to issue a ruling with regard to the motion to vacate home detention. Pursuant to Sup.R. 36(B)(1) of the Rules of Superintendence for the Courts of Ohio, "* * * [a]ll preliminary matters, including requests for continuances, shall be submitted for disposition to the judge to whom the case has been assigned or, if the assigned judge is unavailable, to the administrative judge * * *." The unavailability of Judge Gallagher on March 20, 2006, permitted Judge Russo to issue a ruling with regard to the pending motion to vacate home detention.[1] Finally, this court will not issue a writ of habeas corpus, in order to obtain release from the Cuyahoga County Detention Center, when the statutory scheme is not precisely followed. State ex rel. Driscoll v. Hunter (March 5, 1998), Cuyahoga App. No. 72905. The failure to abide by procedural limitations does not divest a court of jurisdiction.In re Palmer (1984), 12 Ohio St.3d 194, 465 N.E.2d 1312;Linger v. Weiss (1979), 57 Ohio St.2d 97, 386 N.E.2d 1354; Inre Smith (1990), 64 Ohio App.3d 773, 582 N.E.2d 1167.
 {¶ 10} Accordingly, we grant the joint motion for summary judgment and decline to issue a writ of habeas corpus on behalf of R.A. Costs to R.A. It is further ordered that the Clerk of the Eighth District Court of Appeals serve notice of this judgment upon all parties as required by Civ.R. 58(B).
Writ denied.
Dyke, A.J., concurs.
Rocco, J., concurs.
[1] See sworn affidavit of Carmen Naso, Assistant Cuyahoga County Prosecuting Attorney, as attached to motion for summary judgment, which establishes that Judge Gallagher "was absent from Court on Monday March 20, 2006 and did not hear or adjudicate any delinquency cases on Monday March 20, 2006."