[Cite as *In re K.G.*, 2014-Ohio-266.]

COURT OF APPEALS
HOLMES COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| IN THE MATTER OF: | : | JUDGES: |
| | : | |
| K.G. AND M.W. | : | Hon. W. Scott Gwin, P.J. |
| | : | Hon. Sheila G. Farmer, J. |
| | : | Hon. Craig R. Baldwin, J. |
| | : | |
| | : | |
| | : | Case No. 13CA011 |
| | : | |
| | : | O P I N I O N |

CHARACTER OF PROCEEDING:         Appeal from the Holmes County
                                 Juvenile Court Case Nos. 12N129
                                 and 12N130

JUDGMENT:                        Affirmed

DATE OF JUDGMENT:                January 21, 2014

APPEARANCES:

For Plaintiff-Appellee                For Defendant-Appellant J.G.

STEVE KNOWLING                        CLARKE W. OWENS
Prosecuting Attorney                  132 S. Market Street, Suite 204
                                      Wooster, OH 44691

By: SEAN WARNER
Assistant Prosecuting Attorney
Holmes County Department of
Job and Family Services
164 E. Jackson Street
Millersburg, OH 44654

*Baldwin, J.*

{¶1}    Appellant J.G. appeals a judgment of the Holmes County Juvenile Court granting permanent custody of her daughters K.G. (d.o.b. 10-14-2002) and M.W. (d.o.b. 6-19-2001) to appellee Holmes County Department of Job and Family Services.

STATEMENT OF FACTS AND CASE

{¶2}    On May 14, 2012, appellee was granted temporary custody of K.G. and M.W. after allegations surfaced that the girls were physically abused by their grandmother, with whom they had resided since 2006.  The grandmother admitted that the girls were abused at a hearing on May 30, 2012, and told the court she was not interested in regaining custody.

{¶3}    At a hearing on June 26, 2012, both parents admitted the girls were abused while in the care of their grandmother.  Father was incarcerated at the time. Appellant filed a motion for legal custody on June 28, 2012.  The court denied appellant's motion for custody on August 30, 2012, finding that appellant did not have stable housing.  The court also noted that appellant had only sporadic contact with the girls over the last several years.

{¶4}    During the pendency of the case, appellant moved to Akron to be closer to her job.  The children were in foster care in Holmes County, an hour and a half away from Akron.  According to the records of Lou Gilbert, the caseworker assigned to the case by appellee, appellant visited the children twice in May of 2012, did not visit at all in June, July, August or September of 2012, visited the children once in October of 2012 and once in November of 2012, and visited once in April of 2013.

{¶5}     Appellee filed a motion for permanent custody on May 22, 2013, alleging that the girls had been in the custody of appellee for more than 12 months of the prior consecutive 22 months pursuant to R.C. 2151.414(B)(1)(d).  On June 18, 2013, appellant filed a motion to transfer the proceedings to Summit County.  The court overruled the motion on June 19, finding that the case was set for hearing on July 25, 2013, on the motion for permanent custody, and delaying the proceedings would not be in the best interest of the children.

{¶6}     The motion for permanent custody proceeded to a hearing in the Holmes County Juvenile Court.  Appellant argued that the girls were not in the custody of appellee for 12 months of the prior consecutive 22 months.  Appellee presented evidence that appellant had failed to visit with the girls. Appellant testified that she lacked transportation and that her operator's license was suspended.   She testified that a friend could bring her to review hearings and to court hearings because they were usually earlier in the day, but both she and her friend worked from 3:00-11:00 and while she could get off work to visit the girls at 3:00 after school, her friend could not get off work to take her to visits.  She testified that she was in jail for 30 days for driving under suspension and her employer had given her medical leave for those 30 days.  She testified that she never telephoned the girls, and that she was unaware that she could call the girls.  However, she admitted that she never asked if she could speak to the girls on the telephone.

{¶7}     Both parties filed written closing arguments.  Appellant again raised her argument that the girls had not been in the custody of appellee for 12 of the prior consecutive 22 months, and argued that she did not have notice to allow the court to

grant permanent custody on other grounds.  She also argued that the circumstances that led to her failure to visit the girls were outside her control, and argued again for a transfer of venue to Summit County.

{¶8}     The court granted the motion for permanent custody, finding that the girls had been abandoned by appellant pursuant to R.C. 2151.414(B)(1)(b).  The court further found that permanent custody was in the best interests of the children.  The court specifically rejected appellant's claim that she failed to visit the girls due to circumstances outside her control:

{¶9}     "The Court is not moved by [J.G's] explanations for not visiting her daughters.  Her explanations include the suspension of her operator's license, the distance between Akron and Holmes County, the visitation schedule, her work schedule and the difficulty of obtaining rides.

{¶10}    "It is easy for a parent to tell the Court her child is a priority when the parent knows the Court has been asked to terminate her relationship with that child.  Because such words come so easily to a parent the Court ascribes little weight to them.  It is more helpful for the Court to examine the actions of that parent in the months before she testifies about her love for her child.

{¶11}    "Here there is no constancy between [J.G.'s] words and her actions.  She testified she loves her daughters but did not visit them more than five or six times during a twelve-month period.   She testified she loves her daughters but did not call them during that time.  Those are not the actions of a mother who loves her children.

{¶12}    "The Court views [J.G.'s] explanations for not visiting her girls as mere excuses and not reasons.  If she loved her girls, as she testified, she would have taken

whatever actions were necessary to develop and maintain a close and loving relationship with them. If she loved her girls, as she testified, she would have taken such actions whether or not this Court expected her to do so. She could have moved to Holmes County, or closer to Holmes County, to make visits easier. In fact she testified she did live in Wooster at one point during this timeframe, which is roughly half-way between her job and Holmes County, but then chose to move to Akron to be closer to her job. It seems to the Court that move demonstrates [J.G.'s] job was a higher priority than her children. She also could have changed jobs if her employment hindered her from visiting." Judgment entry, September 12, 2013, pages 5-6.

{¶13} Appellant assigns two errors on appeal:

{¶14} "I. THE HOLMES COUNTY JUVENILE COURT COMMITTED ERROR OR PLAIN ERROR IN VIOLATION OF [J.G.'S] DUE PROCESS RIGHT BY GRANTING PERMANENT CUSTODY ON GROUNDS OTHER THAN THOSE ASSERTED BY CHILDREN'S SERVICES IN ITS MOTION, AND/OR IT ALSO LACKED JURISDICTION TO RULE, BECAUSE THE MOTION WAS LEGALLY DEFECTIVE FOR ITS INTENDED PURPOSE.

{¶15} "II. THE HOLMES COUNTY JUVENILE COURT ERRED BY OVERRULING [J.G.'S] MOTION TO TRANSFER TO SUMMIT COUNTY, AND BY GRANTING THE MOTION FOR PERMANENT CUSTODY AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."

I.

{¶16} Appellant argues that the court erred in granting permanent custody on the basis of abandonment pursuant to R.C. 2151.414(B)(1)(b) when the motion sought

permanent custody pursuant to R.C. 2151.414(B)(1)(d). She relies on *In Re Fassinger*, 42 Ohio St. 2d 505, 330 N.E.2d 431(1975), in which the Ohio Supreme Court held that a complaint for permanent custody must sufficiently apprise the parties of the grounds on which the complaint is based.

{¶17}   Juv.R. 19 provides that "[a]n application to the court for an order shall be by motion" and further provides that the motion "shall state with particularity the grounds upon which it is made[.]" "The purpose of Juv.R. 19 is to provide the nonmoving party notice of the allegations in the motion so that they can respond appropriately." *In re Lane,* 4th Dist. Washington No. 02CA61, 2003–Ohio–3755, at ¶ 8. In granting a motion for permanent custody, a trial court may not rely upon a ground unless that ground has been properly brought to the attention of the parents in a timely fashion. *In re J.M.*, 9th Dist. Summit No. 24827, 2010-Ohio-1967, ¶18.

{¶18}   In the instant case, the complaint requested an order of permanent custody on the basis that the children had been in the temporary custody of appellee for more than 12 months of the consecutive twenty-two months period preceding the motion. However, the motion also stated, "Grounds in support of this Motion are stated in the attached Affidavit in support." The affidavit attached includes information concerning appellant's failure to comply with the case plan requirements regarding counseling, stable and appropriate housing, and visitation. The affidavit specifically stated that her most recent visit with the children took place on November 19, 2012, and that since May of 2012, she had only visited with the children four times. From the transcript of the hearing, it is clear that the primary issues before the court were not whether the children had been in the custody of appellee the requisite amount of time,

but appellant's failure to obtain stable housing and her failure to visit. Appellant was prepared to present evidence to the court regarding visitation, and argued in opening statement that while visitation may have been insufficient, this was due to circumstances outside her control. The record reflects that abandonment as a potential basis for permanent custody was properly brought to appellant's attention in a timely fashion, such that she was prepared to attempt to rebut appellee's evidence of abandonment.

{¶19} The first assignment of error is overruled.

II.

{¶20} Appellant first argues that the court erred in overruling her motion to transfer the instant case to Summit County.

{¶21} Where the children are in the temporary custody of a county-based agency, the permanent custody proceeding must remain in the county regardless of the residence of the parents; Juv. R. 11 allows transfer only to the county of the child's residence. *In re Smith*, 64 Ohio App.3d 773, 776-77, 582 N.E.2d 1117, 1119 (1990). The children in the instant case were in the temporary custody of appellee, and thus the children resided in Holmes County. The court therefore did not err in failing to transfer the case to Summit County.

{¶22} Appellant also argues that the judgment is against the manifest weight of the evidence. She argues that the circumstances that led to her inability to visit with the children were outside her control, and that she was able to provide adequate parental care to the children.

{¶23}   A trial court's decision to grant permanent custody of a child must be supported by clear and convincing evidence. The Ohio Supreme Court has defined "clear and convincing evidence" as "[t]he measure or degree of proof that will produce in the mind of the trier of fact a firm belief or conviction as to the allegations sought to be established. It is intermediate, being more than a mere preponderance, but not to the extent of such certainty, as required beyond a reasonable doubt, as in criminal cases." *Cross v. Ledford* , 161 Ohio St. 469, 120 N.E.2d 118 (1954); *In re: Adoption of Holcomb*, 18 Ohio St.3d 361, 481 N.E.2d 613 (1985).

{¶24}   In reviewing whether the trial court based its decision upon clear and convincing evidence, "a reviewing court will examine the record to determine whether the trier of facts had sufficient evidence before it to satisfy the requisite degree of proof." *State v. Schiebel* , 55 Ohio St.3d 71, 74, 564 N.E.2d 54, 60 (1990); See also, *C.E. Morris Co. v. Foley Constr. Co.*, 54 Ohio St.2d 279, 376 N.E.2d 578 (1978). If the trial court's judgment is "supported by some competent, credible evidence going to all the essential elements of the case," a reviewing court may not reverse that judgment. *Schiebel,* 55 Ohio St.3d at 74, 564 N.E.2d 54.

{¶25}   Moreover, "an appellate court should not substitute its judgment for that of the trial court when there exists competent and credible evidence supporting the findings of fact and conclusion of law." *Id.* Issues relating to the credibility of witnesses and the weight to be given the evidence are primarily for the trier of fact. As the court explained in *Seasons Coal Co. v. Cleveland* , 10 Ohio St.3d 77, 80, 461 N.E.2d 1273 (1984):

{¶26}   "The underlying rationale of giving deference to the findings of the trial court rests with the knowledge that the trial judge is best able to view the witnesses and observe their demeanor, gestures and voice inflections, and use these observations in weighing the credibility of the proffered testimony."

{¶27}   Moreover, deferring to the trial court on matters of credibility is "crucial in a child custody case, where there may be much evident in the parties' demeanor and attitude that does not translate to the record well." *Davis v. Flickinger*, 77 Ohio St.3d 415, 419, 674 N.E.2d 1159 (1997).

{¶28}   Pursuant to 2151.414(B)(1), the court may grant permanent custody of a child to the movant if the court determines "that it is in the best interest of the child to grant permanent custody to the agency that filed the motion for permanent custody and that any of the following apply:

{¶29}   "(b) The child is abandoned."

{¶30}   R.C. 2151.011(C) provides:

{¶31}   "For the purposes of this chapter, a child shall be presumed abandoned when the parents of the child have failed to visit or maintain contact with the child for more than ninety days, regardless of whether the parents resume contact with the child after that period of ninety days."

{¶32}   In the instant case, the evidence presented through the testimony of the caseworker reflects that appellant failed to visit the children in June, July, August and September of 2012.  She also failed to visit the children between November of 2012 and April of 2013.  She admitted in her testimony that she did not telephone the girls, despite having a phone.  Therefore, the children were presumed  to be abandoned, as

appellant did not have contact with them for a period of more than ninety days on two separate occasions. As noted in the quoted portion of the judgment entry in the statement of facts above, the trial court clearly did not believe that appellant's reasons for failing to visit were valid, and instead chose to believe the testimony of the guardian ad litem that appellant was simply not motivated to parent the children. The trial judge was in a better position than this court to determine the credibility of appellant. The court's finding that the children had been abandoned is not against the manifest weight of the evidence.

{¶33} In determining the best interest of the child at a permanent custody hearing, R.C. 2151.414(D) mandates the trial court must consider all relevant factors, including, but not limited to, the following: (1) the interaction and interrelationship of the child with the child's parents, siblings, relatives, foster parents and out-of-home providers, and any other person who may significantly affect the child; (2) the wishes of the child as expressed directly by the child or through the child's guardian ad litem, with due regard for the maturity of the child; (3) the custodial history of the child; and (4) the child's need for a legally secure permanent placement and whether that type of placement can be achieved without a grant of permanent custody.

{¶34} The evidence demonstrated that K.G. was hospitalized for mental health treatment, and that her health difficulties were worsened by the failure of appellant to visit her consistently. The guardian ad litem testified that at the beginning of the case, the girls wanted to live with their mother, but in recent months the girls stated that they wanted to be adopted by their foster parents. Appellee presented evidence that the girls were thriving in their foster homes. The foster parents testified that the girls'

behavior was improving and that they were excited about adopting the girls if that became a possibility. The evidence further demonstrated that appellant lived in four different residences between August of 2012 and July of 2013, and according to her own admission at least one of these residences was not suitable for the girls. The court's finding that permanent custody was in the best interests of the children was not against the manifest weight of the evidence.

{¶35} The second assignment of error is overruled. The judgment of the Holmes County Juvenile Court is affirmed. Costs assessed to appellant.

By: Baldwin, J.

Gwin, P.J. and

Farmer, J. concur.